## JAMES B. HAMILTON *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*power of the court where prisoner pleads guilty to an indictment for murder.* The only limitation placed upon the power of the court by the act of 1867, in relation to capital punishment, is, that it shall sentence no person convicted of murder to death, unless the jury have so returned, as a part of their verdict; and the 183d section of the Criminal Code of 1845 not being inconsistent with the act of 1867, is not repealed by it; and under this, the last named section, the court has the power, when a person indicted for murder pleads guilty, to sentence him to imprisonment in the penitentiary for life.

2. The act of 1869, amendatory of the law of 1867, so far as it applies to the power of the court to sentence a prisoner to imprisonment in the penitentiary upon a plea of guilty to an indictment for murder, conferred no new power. It simply re-enacted the law as it then stood.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. E. CALLAHAN, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiffs in error, at the February term, 1868, of the circuit court of Henry county, were indicted for the murder of Peter Holst.

At the October term, Hamilton having filed a plea of not guilty, upon his motion a separate trial was awarded him, a jury was impanneled, and the trial proceeded. The next day he withdrew his plea of "not guilty," and entered a plea of "guilty." The same day, Murphy, who was jointly indicted with Hamilton for the murder of Holst, came into open court, and entered a plea of "guilty," and thereupon the court sentenced both of them to the penitentiary for life.

The act of 1867, in relation to capital punishment, provides: "No person shall be sentenced to death by any court, unless the jury shall have so found in their verdict upon the trial." And it is now insisted, that when a prisoner, under that statute, pleads "guilty" to an indictment for murder, he can neither be sentenced to imprisonment in the penitentiary, nor sentenced to death.

Under the provisions of that act, it was competent for the jury impanneled to try a party charged with murder, in case of conviction, to return, as a part of their verdict, either that the prisoner suffer death by hanging. or that he be imprisoned in the penitentiary for the term of his natural life, or for a term not less than fourteen years. It will be observed, the only limitation placed upon the power of the court is, it shall sentence no person convicted of murder to death, unless the jury have so returned as a part of their verdict.

This act must necessarily be construed in connection with the existing laws upon that subject. The 183d section of the Criminal Code, R. S. 1845, was not in conflict with the act of 1867, and was not, therefore, repealed. It provides, in all cases where the party indicted shall plead "guilty," such plea shall be received and recorded, "and the court shall proceed to render judgment and execution thereon, as if he or she had been found guilty by jury."

No reason is perceived why the court, under this section of the statute. did not possess ample power to sentence the accused, on their plea of guilty, to the penitentiary for life, the same as if they had been found guilty by a jury.

The act of 1869, amendatory to the law of 1867, was intended to confer additional powers on the court in capital cases, and, notwithstanding the plea of guilty, it was made lawful for the court to "sentence the prisoner to be executed;" and, by way of making the law complete in itself, it was added, "or may sentence such prisoner to the penitentiary, in the same manner as might be done by the verdict of a jury."

The court already, by the existing law, had full authority, on a plea of guilty, in capital cases, to sentence the prisoners to the penitentiary, and the act of 1869 conferred no new power in that regard. It simply re-enacted the law as it then stood.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*