# THOMAS COATES

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

72  303
149  619
153  128

72  303
183  255

1. CRIMINAL LAW—*indictment for murder.* It is not a physical impossibility for three persons to have the same stick in their several right hands at the time a blow is struck with it, and an indictment for murder which so charges is good, and a plea of guilty to such an indictment admits the fact to be as charged.

2. SAME—*indictment against accessories.* Where an indictment charges that three persons, named, with a stick of wood which each severally had and held in their several right hands, inflicted a mortal wound, causing death, proof that either one of them struck the fatal blow with the weapon described, and that the others were accessory to the fact, will be sufficient to sustain a conviction of all three as principals. There would be no variance in such a case between the proof and the allegations in the indictment.

3. SAME—*power of court on plea of guilty of manslaughter.* Where a defendant pleads guilty to the crime of manslaughter, the court has the same power to fix the punishment that a jury have when they find the defendant guilty on a trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. VAN BUREN DENSLOW, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for The People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error and two others were indicted for murder. A motion to quash the indictment was overruled. Afterwards, he entered a plea of guilty of manslaughter, and the court sentenced him to the penitentiary for the period of ten years.

The first point made is, the indictment is void for ambiguity. It charges that the three persons named, with a stick of wood which each severally had and held in their several right hands, inflicted the mortal wound, causing death. The ground of the objection is, that the act is physically impossible. We can not concur in this view. There is no physical impossibility in the

act charged, however improbable it may be. What is there to prevent all three of the persons accused having hold of the same stick with their several right hands at the instant the fatal blow was inflicted? The plea filed admits it was done in the manner charged, and there is nothing in the nature of the act that compels us to hold a mortal wound can not be struck by three persons in that way.

But there is another view that is conclusive of the objection urged. Our statute makes all accessories at or before the fact, principals, and provides they shall be punished accordingly. They must be indicted as principals, and not otherwise. It might be advisable, as was said in *Baxter* v. *The People*, 3 Gilm. 368, to describe the circumstances of the offense as they actually occurred, but this is not indispensable. As in the case at bar, proof that either one struck the fatal blow with the weapon described, and that the others were accessory at the fact, would be sufficient to sustain a conviction of all of them as principals. There would be no variance, in such a case, between the proofs and the allegations in the indictment. This is the construction given to the statute in *Baxter* v. *The People, supra,* and we see no reason to depart from it.

The remaining point is as to the jurisdiction of the court to pronounce sentence upon the accused for a longer period than eight years' imprisonment on a plea of guilty of manslaughter.

In all cases where a person shall be convicted of manslaughter, the statute expressly empowers the jury to fix the time the party found guilty shall be confined in the penitentiary, which may be for natural life or for any number of years, to be designated in the verdict. Laws 1859, sec. 1, p. 125.

It is denied the court, upon plea of guilty entered, possesses a like power with the jury in such cases. We think it has. In *Mullen* v. *The People*, 31 Ill. 444, it was declared that, so far as the first section of the act of 1859 provided a different punishment for a person found guilty of manslaughter, it was repugnant to the 29th section of the act of 1845, and to that extent the latter was repealed by the former act.

It is insisted, however, the authority given by the act of 1859, to fix the punishment for the crime of manslaughter for a period greater than eight years' imprisonment, is to the jury, and not to the court. If the position assumed was tenable, the act of 1845 having been repealed, there would be no power in the court, on a plea of guilty of manslaughter, to pronounce any sentence upon the accused. Such is not the law. By the 183d section of the Criminal Code, the court, "on plea of guilty," has the same power, in all cases, as the jury, and may proceed "to render judgment and execution thereon," as if the party "had been found guilty by a jury." It was so ruled in *Hamilton et al.* v. *The People*, 71 Ill. 498, and that decision must control this.

No error appearing in the record, the judgment must be affirmed.

*Judgment affirmed.*