## PETER USSELTON *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon April 2, 1894.*

1. CRIMINAL LAW—*indictment of one as accessory before the fact.* An indictment of one as an accessory before the fact, as at common law, will not support a verdict of guilty of the principal offense.

2. SAME—*accessory before the fact.* An accessory before the fact, at common law, is defined to be "one who, being absent at the time of the commission of the offense, yet procures, counsels or commands another to commit it." Absence is necessary, for if he be actually or constructively present when the felony is committed, he is an aider and abettor, and not an accessory before the fact.

3. At common law all persons actually or constructively present at the commission of a felony, but not participating therein, were principals of the second degree, and this continues to be the common law. No distinction was made in the punishment of a principal and of an accessory before the fact.

4. In this State the distinction between accessories before the fact and principals has been abolished, and the definition of such accessories includes those who were principals in the second degree at common law,—that is, those standing by, aiding and abetting,—as well as those who, not being present, have advised and encouraged the perpetration of the crime.

5. SAME—*accessories must be indicted as principals.* As the statute makes all accessories at or before the fact, principals, and provides that they shall be punished accordingly, it follows that accessories before the fact must be indicted as principals. or not at all, for they are declared by the statute to be principals.

6. SAME—*indictment of accessories at the fact.* Where A inflicts a mortal wound upon B, from which he dies, and he is aided and encouraged by others at the time, the indictment may allege that the mortal wound was inflicted by A, or by each and all of the defendants, including A, and it must conclude as for murder. Unless the accessories are indicted as principals they can not be convicted.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. J. P. ROBERTS, Judge, presiding.

The indictment in this case charges that on the 7th day of August, 1892, William Terrell, at and within the county of Jackson and State of Illinois, unlawfully, willfully, feloniously and with malice aforethought, shot and killed one William J. Sanders, setting out the particular mode and means of killing, and the death of Sanders from the wound inflicted, in the usual form, and concludes: "And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said William Terrell, him, the said William J. Sanders, in the manner and by the means aforesaid, unlawfully, willfully, feloniously and of his malice aforethought did kill and murder. And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that Daniel Temple, Peter Usselton and George Nelson, late of the said county of Jackson and State of Illinois, before the said felony and murder was committed in the manner and by the means aforesaid, to-wit, on the 7th day of August, A. D. 1892, at and in the county and State aforesaid, did then and there, feloniously and unlawfully and maliciously, incite, move, procure, counsel, advise, encourage, assist, aid and abet the said William Terrell the said felony and murder, in manner and form aforesaid, to do and commit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois."

A motion was made by the defendants, Usselton and Temple, to quash the indictment, which was overruled, and the defendants excepted. Upon the trial of the cause a verdict was rendered finding them guilty "in manner and form as charged in the indictment," and fixing their punishment at confinement in the penitentiary for the term of fourteen years. Motions for new trial and in arrest of judgment were severally made and overruled, and the defendants sentenced upon the verdict.

Mr. F. M. YOUNGBLOOD, and Mr. W. A. SCHWARTZ, for the plaintiffs in error:

Since the passage of the statute making accessories before the fact principals, and requiring them to be indicted and tried as such, they must be indicted as principals, or not at all. *Baxter* v. *People,* 3 Gilm. 368; *Dempsey* v. *People,* 47 Ill. 323; *Coates* v. *People,* 72 id. 303; *Spies* v. *People,* 122 id. 1; *Brennen* v. *People,* 15 id. 511.

The prosecutor may state the facts as they occur, but the indictment must conclude as for murder. *Baxter* v. *People, supra.*

Mr. M. T. MOLONEY, Attorney General, for the People:

As to the proper procedure against an accessory before the fact, see 1 Starr & Curtis' Stat. 828, 829, 857; *Yoe* v. *People,* 49 Ill. 410; *People* v. *Campbell,* 40 Cal. 129; *People* v. *Trim,* 39 id. 75; Wharton on Crim Law, sec. 143; Wharton on Crim. Pl. and Pr. sec. 304, and cases cited by plaintiff in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Numerous errors are assigned upon this record, questioning the correctness of the rulings of the trial court in overruling the motion to quash the indictment, in the admission of testimony, in giving, refusing and modifying instructions, and in overruling the motion for a new trial and in arrest of judgment, and it is insisted with great earnestness, under the last assignment of error, that the evidence was insufficient to support the verdict. In the view we take it will be unnecessary to discuss or determine all the questions thus raised.

It will be observed from the foregoing statement that the prosecutor has drawn, and the grand jury presented, an indictment against the plaintiffs in error as accessories before the fact to the murder of Sanders by Terrell. The pleader has followed the precedents, and the indictment contains the

averments requisite to a good indictment of an accessory before the fact, at common law. (Wharton on Precedents, 102.) There is, however, in this indictment no allegation that these defendants, in the manner and by the means alleged, killed said Sanders and were guilty of murder. In other words, there is nothing charging them as principals in the commission of the crime. The question is therefore presented, whether the indictment of one as an accessory before the fact, as at common law, will support a verdict of guilty of the principal offense,—in this case, of murder.

By the ancient common law, existing prior to the reign of Henry IV,—the latter part of the fourteenth and beginning of the fifteenth centuries,—those persons only were considered principals who committed the overt act, while those who were present, aiding and abetting, were deemed accessories at the fact, and those who, not being present, had advised or encouraged the perpetration of the crime, were deemed accessories before the fact. During that reign it seems to have been settled as the law that he who was present, aiding and abetting in the perpetration of the crime, was to be considered as a principal, the courts holding that all who were actually or constructively present, but not actively participating in the crime, were principals of the second degree. (1 Russell on Crimes, (Greenl. ed.) 26; 1 Bishop on Crim. Law, 648.) And this continued to be the common law as it was adopted in this State.

An accessory before the fact, at common law, is defined by Sir Mathew Hale to be "one who, being absent at the time of the commission of the offense, doth yet procure, counsel or command another to commit it." And absence, it is said, is indispensably necessary to constitute one an accessory, for if he be actually or constructively present when the felony is committed, he is an aider and abettor, and not an accessory before the fact, (1 Hale's P. C. 615; 4 Blackstone's Com. 36, 37; 1 Archbold on Crim. Pl. and Pr. 14;) or, as defined by

Bishop, (1 Crim. Law, 673): "An accessory before the fact is one whose will contributes to another's felonious act, committed while too far himself from the act to be a principal." No distinction was made in the punishment of a principal and of an accessory before the fact by the common law, the principle that what one does by the agency of another he does by himself, applying equally in criminal and civil cases. Broom's Legal Maxims, (2d ed.) 643. At common law, an accessory before the fact, without his consent, could only be tried after the conviction of the principal. While the principal remained amenable to indictment and conviction, the accessory had the right to insist upon the conviction of the principal offender before he was put upon trial, for, as said by Blackstone, (book 4, 323), "*non constitit* whether any felony was committed or no, till the principal was attainted, and it might so happen that the accessory be convicted one day and the principal acquitted the next, which would be absurd." And this absurdity might happen wherever the trial of the principal might occur subsequently to that of the accessory. This was subject to the exception, that where the accessory was indicted with the principal he might waive the right, and thereupon they might be put upon trial jointly.

It seems that the distinction between accessories before the fact and principals, up to a late date, at least, has been retained in England. By Statute 7, Geo. IV, chap. 64, sec. 9, it is provided that persons who shall counsel, procure or command any other person to commit a felony shall be deemed guilty of a felony, and may be indicted and convicted, either as accessory before the fact to the principal felony, together with the principal felon, or after his conviction, or may be indicted and convicted of a substantive felony, whether the principal felon shall have been convicted or not, etc. (See 11 and 12 Vic. 46, sec. 1.) And such seems to be the rule in some of the States which have adopted, in substance, Statute 7, Geo. IV. In this State, however, the distinction between

accessories before the fact and principals has been abolished. By section 2, division 2, of the Criminal Code, (par. 331, Starr & Curtis,) it is provided: "An accessory is he who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime. He who thus aids, abets, assists, advises or encourages shall be considered as principal, and punished accordingly." It is to be observed that in the definition of accessories are included those who were principals in the second degree at common law,—that is, those standing by, aiding and abetting,—as well as those who, not being present, had advised and encouraged the perpetration of the crime, and it is expressly provided that all persons who are thus defined to be accessories shall be deemed principals, and punished accordingly. It necessarily follows, that none of the rights of the defendant incident to the prosecution of the defendant as an accessory,—such as, that he may insist upon the conviction of the principal before his arraignment and trial,—can inhere, for the reason that he is himself to be considered and regarded as a principal in the crime charged. All stand before the law as principals in the perpetration of the crime. By the express provision of the succeeding section of the Code, every person falling within the definition of an accessory thus given may be put upon trial with the principal actor in the perpetration of the crime, or before or after the latter's conviction, or whether he is amenable to justice or not, and "punished as principal."

It is observable that the advising or encouraging of another to commit a felony is not created into a substantive felony, of itself, but is made to so connect the offender with the principal felony that he becomes a principal in its commission. There is, in the nature of things, no difference in the degree of moral turpitude between the man whose will has procured the commission of a crime, and the one who willfully carries out his malignant purpose. By the law, persons whose will

has contributed to the criminal act are to be deemed guilty of that act, by whomsoever perpetrated, and it will be found that the legal distinction between accessories before the fact and principals rested entirely upon authority as found in the decisions of the courts, and not upon any inherent principle distinguishing them. It can not, therefore, be presumed that the legislature intended to enlarge the class of persons who should be deemed accessories before the fact, and render them amenable to indictment as such, by including those who were indictable and punishable at common law as principals. And especially is this so in view of the fact that not only those who at common law were principals in the second degree, but also those who were accessories, are included in a single class, and are to be "considered," for all purposes, principals in the commission of the crime.

This question came incidentally before the court in *Baxter* v. *The People*, 3 Gilm. 368. The indictment in that case was for murder, and the court was asked to instruct the jury, that if the evidence showed that the defendant was guilty as an accessory before the fact, he could not be convicted under that indictment. The court, in construing the act under consideration, held that the distinction between accessories before the fact and principals was thereby abolished. It is said: "This act, then, makes all accessories at or before the fact, principals. The declaration that they shall be 'deemed and considered,' is as unequivocal as if the act had said, 'are hereby declared to be.' It is true, the act states what an accessory is, but it then declares, in substance, that he is principal." And after showing that the definition given in the statute of an accessory, is in harmony with the system pursued by the legislature in the definition of other offenses, it is said that such definition does not detract from the force of the provision that they shall be considered principals. And after noticing that accessories at the fact were, at common law, to be indicted and convicted as principals, it is held that the legislature has gone a step

farther, and provided "that he who, not being present, hath advised or encouraged the giving of the blow, hath given the blow as much as if he had stood by and encouraged it, or even had struck with his own hand.  *  *  *  Both proceed upon the principle that what we advise or procure another to do, in the eye of the law we do ourselves. All are principals, and, as such, should be indicted and punished. Indeed, they must be indicted as principals, or not at all, for they are declared by the act to be principals. If they are not to be indicted as principals, the very object of the law is defeated; if they are to be indicted as accessories, they must be tried and convicted as accessories," with the common law results incident to such trial. It was urged that an indictment as principal did not sufficiently furnish to the defendant the nature and cause of the accusation against him. The court held otherwise, and it is apparent, both from the opinion of the majority of the court and from the very able dissenting opinion of Mr. Justice Koerner, that the subject now under consideration was very fully considered and canvassed by the court, so that while the holding that the party must, under the statute, be indicted as principal may be said not to have been necessary to the decision of that case, yet the holding as well as the reasoning of the court must be regarded as having much force, and the rule there announced has, so far as we are aware, been accepted by the bench and bar as the law of the State. In *Coates* v. *The People,* 72 Ill. 303, in passing upon the sufficiency of the indictment, it is said: "Our statute makes all accessories at or before the fact, principals, and provides they shall be punished accordingly. They must be indicted as principals, and not otherwise." It is said in *Baxter* v. *The People, supra,* that the pleader may, if he choose, and perhaps it would be advisable, describe the circumstances of the offense, as in an indictment against an accessory before or at the fact; but it should conclude as for murder, for that is really the offense of which the party is guilty, if guilty at all.

That is to say, the crime to be charged in the indictment in this case was the murder of the said William J. Sanders, and if the blow or mortal wound was given by one, only, of the parties charged, it is sufficient to charge the others with the murder by the mortal injury so done by the actual perpetrator. 1 Archbold on Crim. Pl. 13, note 1, cases cited.

It appears by this record that none of the defendants were accessories at common law, and if guilty at all, it is because they were present at the killing by Terrell, and aided or abetted him therein; and while the indictment might very properly have alleged that the mortal blow or wound was inflicted by Terrell, or by each and all of the defendants, including Terrell, it should have concluded as for murder, that being the offense in respect of which they are, by the statute, to be deemed principals. If the indictment in this case had thus concluded,—that is, that these defendants, in the manner and by the means set out in the indictment, the said William J. Sanders did kill and murder, etc.,—it can not be doubted that it would have sufficiently charged the offense. The crime of which the defendants were convicted was murder, and that not being charged in the indictment against them, it was insufficient to support the verdict.

We are of opinion that, the indictment charging no substantive offense punishable by the laws of this State, the court erred in overruling the motion to quash the same, and also erred in not arresting the judgment. The judgment of the circuit court will accordingly be reversed, and the cause remanded to that court, with directions to arrest the judgment and discharge the defendants (plaintiffs in error) from custody.

*Judgment reversed.*

Mr. JUSTICE MAGRUDER: I do not agree with all that is said in this opinion, though concurring in the judgment of reversal. (*Dempsey* v. *People*, 47 Ill. 323).