THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. GRACE TRUMBLEY, Plaintiff in Error.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. CRIMINAL LAW—*indictment must allege all facts necessary to constitute the crime charged.* An indictment must allege all of the facts necessary to constitute the crime with which the defendant is charged, and an indictment which does not set forth such facts with sufficient certainty will not support a conviction.

2. SAME—*statute does not authorize the substitution of inference for allegations of fact.* Section 6 of division 11 of the Criminal Code, declaring that every indictment shall be sufficient which states the offense in the language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury, does not authorize the substitution of inference and inconclusive presumptions for allegations of fact.

3. SAME—*indictment must allege all the ingredients of which the offense is composed.* No indictment is sufficient if it does not clearly allege all the ingredients of which the offense is composed; and this is so even as to an exception or proviso so incorporated in the statute as to constitute a part of the definition or description of the offense.

4. SAME—*when charge against accessory must be as specific as against principal.* If an accessory is charged as principal without showing his relation to the crime according to the fact, the charge must be as full, complete and specific as a charge against one who commits the criminal act.

5. RAPE—*person under seventeen years of age cannot be convicted as accessory to crime of rape without force.* A person under the age of seventeen years cannot be convicted as accessory to the crime of rape without force, as in such case there would be no crime committed under the statute if such person were the principal actor.

6. SAME—*indictment charging two persons with crime of rape without force must allege the age of both.* An indictment charging two persons with the crime of rape without force must allege that both were of the age of seventeen years and upwards, and under an indictment which merely alleges that the one who committed the act was of the age of seventeen years and upwards, there being no allegation as to the age of the other, the latter cannot be convicted as an accessory.

7. SAME—*woman may be punished as a principal for abetting crime of rape.* Under the statute abolishing all distinction between

the principal actor and one who is an accessory before or at the fact, a woman may be punished for aiding and abetting in the commission of the crime of rape without force; but such statute does not obviate the necessity of alleging all the ingredients of her crime, including the fact that she was of such age as the statute requires to make the person perpetrating the act guilty of the crime.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

LOUIS GREENBERG, and HENRY A. BERGER, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, (THOMAS MARSHALL, and FREDERIC BURNHAM, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

It is conceded that the second count of the indictment under which the plaintiff in error, Grace Trumbley, was convicted, in the criminal court of Cook county, of the crime of rape and sentenced to imprisonment in the penitentiary for a term of twenty years is insufficient to support the judgment, and the only disputed question is whether the first count constitutes a legal charge against her of the commission of that crime. Omitting the formal parts, the count is as follows: "That one Jerry Trumbley and one Grace Trumbley, late of the county of Cook, on the thirty-first day of August, in the year of our Lord one thousand nine hundred and nine, in the said county of Cook, in the State of Illinois aforesaid, the said Jerry Trumbley then and there being a male person of the age of seventeen years and upwards, unlawfully and feloniously did, with the consent of one May Michielson, not the wife of the said Jerry Trumbley, the said May Michielson then and there being a

female person under the age of sixteen years, to-wit, of the age of thirteen years, make an assault in and upon her, the said May Michielson, and her, the said May Michielson, then and there wickedly, unlawfully and feloniously did ravish and carnally know, contrary to the statute."

It is a fundamental rule of criminal pleading that an indictment must allege all of the facts necessary to constitute the crime with which the defendant is charged, and an indictment which does not set forth such facts with sufficient certainty will not support a conviction. Section 6 of division 11 of the Criminal Code declares that every indictment shall be sufficient which states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury. This indictment does not state an offense against Grace Trumbley in the terms and language of the statute creating it, which is as follows: "Every male person of the age of seventeen years and upwards, who shall have carnal knowledge of any female person under the age of sixteen years and not his wife, either with or without her consent, shall be adjudged to be guilty of the crime of rape." So far as Grace Trumbley is concerned, it contains none of the necessary elements of the crime which were stated in *Wistrand* v. *People,* 213 Ill. 72. Under this statute there is no offense against the law unless the act is committed by a male of the age of seventeen years and upward and the female is under sixteen years of age and not his wife. If either of these elements is lacking no crime is established, and in *Schramm* v. *People,* 220 Ill. 16, it was said that the indictment then under consideration attempted to charge the statutory offense without force, and the indictment must necessarily aver the facts constituting the crime. That is merely the application of the universal rule where a statute requires the existence of a particular fact or condition to constitute a crime. No indictment is sufficient if it does not accurately and clearly allege all the ingredients of which

the offense is composed. (*United States* v. *Cooke,* 17 Wall. 168.) This is so even as to an exception or proviso so incorporated in the statute as to constitute a part of the definition or description of the offense. (*State* v. *Abbey,* 29 Vt. 60.) The necessary ingredients to constitute the crime of which the plaintiff in error was convicted are that a male person of the age of seventeen years and upwards shall have carnal knowledge of a female person under the age of sixteen years and not his wife; and accordingly it has been held that an indictment is fatally defective and charges no offense if it fails to negative the fact that the female was the wife of the defendant. *Rice* v. *State,* 37 Tex. Crim. App. 36; *Dudley* v. *State,* id. 544; *People* v. *Everett,* 10 Cal. App. 12; *Young* v. *Territory,* 58 Pac. Rep. (Okla.) 724; *Parker* v. *Territory,* 59 Pac. Rep. 9.

The Attorney General necessarily concedes that the indictment does not charge Grace Trumbley with the crime defined by the statute, which includes the necessary ingredients of sex, age and relationship to May Michielson, but he says that the indictment alleges all of the elements of the statutory crime against Jerry Trumbley, and, inasmuch as it also charges that Grace Trumbley, with the consent of May Michielson, a female person under the age of sixteen years, made an assault upon the said May Michielson and her, the said May Michielson, then and there wickedly, unlawfully and feloniously did ravish and carnally know, it will be presumed that Grace Trumbley was an accessory to the act of Jerry Trumbley and therefore liable to be indicted and punished as a principal. His position is, that it will be presumed from the christian name that Grace Trumbley is a female, and the charge that she committed an act which she was incapable of committing raises an inference that she must have perpetrated the crime by aiding and abetting Jerry Trumbley; but that if Grace Trumbley is a male, the indictment is good without any averment as to his age, because any boy with sufficient discretion may

with criminal intent become an accessory, regardless of his age. To adopt either theory would not only introduce a new practice in criminal law by substituting inferences and inconclusive presumptions for allegations of fact, but would lead to consequences absurd in themselves and contrary to humane sentiments and natural justice. Our statute says that an accessory is he who stands by and aids and abets or assists, or who, not being present aiding and abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime, and he who thus aids, abets, assists, advises or encourages shall be considered as principal and punished accordingly. There is no averment that Grace Trumbley is a male, but if such is the fact there is no averment of age which would make the act a crime if actually done by that defendant. If a boy under seventeen years of age commits the act charged in this indictment it is not an offense against the law and he cannot be punished for it because an essential ingredient of the crime is lacking. It would be absurd to say that a boy could be punished for aiding, abetting, assisting, advising or encouraging the commission of an act where, if he had been the principal and had committed the act himself, it would not constitute a crime. It is not a question of ability or want of ability to do the act which the statute declares to be a crime, but the question whether the act, if done, would be a crime. We cannot attribute to the General Assembly an intention to punish one as an accessory to an act which, if committed by such person, would not be a crime. "Grace" is used as the christian name of females, and if Grace Trumbley is a female under the age of seventeen years it would be quite strange if the General Assembly intended that she should be held guilty as an accessory where she would not be guilty if of the other sex. No such intention is expressed in the statute, but, on the contrary, the purpose of the statute is to protect girls under sixteen years of age against themselves, even where their acts are the

252 — 3

result of a vicious and depraved nature, and accordingly the law does not punish the girl for the act. It would not be in harmony with that purpose to hold that a girl under sixteen years of age would be guilty of a crime for aiding, abetting or assisting in an act which would not be a crime if actually committed by herself. In that case her position would be better if an actual participant in the act than if she merely advised or encouraged it. If, on general principles, sex ought not to lessen criminality it ought not to increase it against the manifest purpose and intention of the General Assembly in creating a crime. A male person of the age of seventeen years and upwards would be guilty of the crime, although the act was committed at the solicitation of the female, while she would be innocent of any transgression of the law, and certainly the General Assembly never intended that another girl, of like age, should become a felon by merely advising or encouraging the commission of the act.

The indictment alleges all of the elements of the statutory crime against Jerry Trumbley, but the question here is whether it shows Grace Trumbley to be guilty of a crime, and it makes no difference what allegations are made against Jerry Trumbley unless it is also sufficient to charge Grace Trumbley with the offense. The parties might be indicted separately and either one convicted if the other should never be prosecuted or even be found not guilty. It is only so far as any averments concerning Jerry Trumbley aid the charge against Grace Trumbley that such averments can be considered. It is true that Grace Trumbley, if a female, might be guilty as accessory to a crime although she was incapable of committing it, and an accessory under our statute is properly charged as a principal, but that does not obviate the necessity of charging a crime against the defendant. If an accessory is charged as principal without showing his relation to the crime according to the fact, the charge must be as full, complete and specific as a charge

against one who commits the criminal act. *Territory* v. *Conley*, 2 Wyo. 331.

Many authorities are cited declaring the rule that one who is incapable of committing the specific offense may, if of sufficient natural discretion, be convicted of being present and aiding and abetting another in the commission of such offense. These cases, however, afford little or no aid to the decision of this case, because they are cases where, if the necessary elements are present, the acts constitute crimes. At common law a husband might be convicted for aiding, abetting and assisting in the rape of his wife, (*Lord Audley's case*, 3 How. St. Tr. 401,) while he would not be guilty if he committed the act himself; (*Frazier* v. *People*, 48 Tex. Crim. 142; 13 Ann. Cas. 497;) but the reason he would not be guilty as principal is, that the wife, by entering into the marriage relation, has given her deliberate consent, which she is not permitted to retract for the purpose of charging her husband with crime. She has not given consent to the act of her husband in aiding or abetting another to commit a crime against her. Consequently there is no consent, and if the husband makes the act of the other his own by assisting in it he is guilty of the crime and our statute has not changed that rule. Undoubtedly, a woman may be punished for aiding and abetting in the commission of the crime of rape, and as our statute has abolished all distinction between the principal actor and one who is an accessory before or at the fact, the accessory is to be considered as a principal and indicted accordingly. (*Baxter* v. *People*, 3 Gilm. 368; *Coates* v. *People*, 72 Ill. 303; *Usselton* v. *People*, 149 id. 612; *Fixmer* v. *People*, 153 id. 123.) That provision of the statute, however, does not obviate the necessity of alleging all the facts constituting the crime against the one who aids, abets or assists in the commission of it. In *Baxter* v. *People*, which was the first case where the question was considered, the court said perhaps it would be advisable to describe the circumstances

of the case as they actually transpired, concluding as for the crime charged; and in *Fixmer* v. *People* it was considered proper to state the circumstances as in an indictment of an accessory at common law, provided the indictment also charged the defendant with the crime as principal. The indictment must either do that or charge the crime in the same manner as an indictment against a principal in fact. In all the cases the indictments were sufficient to state offenses against the criminal law, while the indictment in this case is insufficient to show that Grace Trumbley, whether a male or female, was a person of such age as the statute requires to make the person perpetrating the act alleged guilty of a crime, or did such acts and stood in such relation to a criminal act as made such person amenable to punishment for it. That being, so, it is not sufficient to sustain the conviction.

The judgment is reversed.         *Judgment reversed.*

Mr. CHIEF JUSTICE CARTER, dissenting.