THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DWIGHT H. DOSS, Defendant-Appellee.

Fourth District　No. 16528

Opinion filed September 10, 1981.

Tyrone C. Fahner, Attorney General, of Springfield (Jerry Finney, Special Assistant Attorney General, of counsel), for the People.

Michael I. Campbell and Thomas W. Gendry, both of Hull, Campbell, Robinson & Gibson, of Decatur, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Illinois income tax return.

Perjury and filing fraudulent return charges were leveled against the attorney-preparer.

The trial court held that *this* indictment failed to adequately state criminal offenses and dismissed it.

We agree and affirm.

A two-count indictment was filed against Doss, charging him with perjury and with filing a fraudulent tax return. Count I alleged, in pertinent part, that defendant had:

"* * * committed the offense of PERJURY, in violation of Section 32—2 of the Criminal Code of 1961, as amended, in that under affirmation and verifying that the statements made were under penalty of perjury, upon a certain tax return required by law to be made upon affirmation that the matters contained therein were true, he made a false statement, to the effect that Eugene Bloomingdale had not received as income or capital gain certain monies paid to him by the said Dwight H. Doss, the said statement being material to the issue or point in question, and the said statement being a statement which the said Dwight H. Doss did not believe to be true, * * *."

In count II, defendant is alleged to have:

"* * * committed the offense of FILING A WILLFUL AND FRAUDULENT TAX RETURN in violation of Section 13—1301 Illinois Revised Statutes, Chapter 120 (1975), as amended, in that he filed a fraudulent tax return, purporting to be the tax return of Eugene Bloomingdale and Nancy Bloomingdale, a copy of which is attached hereto and by this reference incorporated herein, in that the said tax return failed to report as income or capital gains monies paid by the said Dwight H. Doss to the said Eugene Bloomingdale; which constituted income or capital gains, * * *."

Attached to the indictment, and incorporated into it by reference, was an Illinois Income Tax Form IL-1040, signed by the Bloomingdales as

taxpayers. Defendant's signature appears on the form on a line reserved for "Signature of preparer if other than taxpayer." Immediately above the taxpayers' and the defendant's signatures is the following statement:

"Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. If the return is prepared by a person other than the taxpayer, he must also sign, and his declaration is based on all the information relating to the matters reported in the return of which he has knowledge."

The trial court dismissed the indictment, and the State has appealed. Supreme Court Rule 604(a)(1), 73 Ill. 2d R. 604(a)(1).

## I. PERJURY

Section 32—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 32—2(a)) provides:

"A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true."

*Dictum* in *Loraitis v. Kukulka* (1953), 1 Ill. 2d 533, 116 N.E.2d 329, has seemingly broadened this statute so that an oath that is "authorized," not just "required," by law (verification of a pleading) will also support a perjury conviction.

We look in vain, however, for any provision by which a tax preparer's signature is either required or authorized by law. Our search begins with the Illinois Income Tax Act (Act) (Ill. Rev. Stat. 1979, ch. 120, pars. 1—101 *et seq.*). Section 504 of the Act requires that each return required to be filed contain a written declaration that it is made under the penalties of perjury. Section 501 specifies that the person liable for the tax shall file such returns as the Department of Revenue requires. From these two statutes, we could conclude that a taxpayer's signature is required by law. However, tax *preparers* are not mentioned anywhere in the Act.

Courts have held, however, that the "required by law" element of a perjury offense may originate in a regulatory requirement for an oath, as well as in a statutory requirement. (*United States v. Hvass* (1958), 355 U.S. 570, 2 L. Ed. 2d 496, 78 S. Ct. 501; *United States v. Smull* (1915), 236 U.S. 405, 59 L. Ed. 641, 35 S. Ct. 349; *United States v. Obermeier* (2d Cir. 1950), 186 F.2d 243, *cert. denied* (1951), 340 U.S. 951, 95 L. Ed. 685, 71 S. Ct. 569; *State v. Whitlock* (1933), 138 Kan. 602, 27 P.2d 262.) Under section 1401 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 14—1401), the Department of Revenue has the authority to promulgate regulations and

prescribe forms "relating to the administration and enforcement of the provisions of this Act." Section 1501(a)(19) of the Act provides that the term "regulations" includes the forms prescribed by the Department. Thus, Form IL-1040 is a regulation and to that extent defendant's oath would appear to be required by law.

One vital link, however, is missing from this chain, for an oath required by regulation must have "a clear legislative base \* \* \*." (*United States v. Hvass* (1958), 355 U.S. 570, 575, 2 L. Ed. 2d 496, 500-01, 78 S. Ct. 501, 504.) Some cases have found such a base even in the absence of specific statutory language calling for an oath. (*Smull*; *Obermeier*; *Whitlock*.) However, in each of these cases, the statutory schemes, pursuant to which the regulations were promulgated, were obviously directed at the people whose oaths the regulatory agencies had required. They were, then, analogous to the taxpayers in this case. But the Illinois Income Tax Act does not concern itself with tax *preparers*, and since the Department had the authority to issue only such regulations and forms as would relate to the administration and enforcement of the Act, there is no "clear legislative base" for requiring a tax *preparer's* oath. And courts narrowly interpret an administrative agency's power to require an oath. See *State v. Baldwin* (1937), 109 Vt. 143, 194 A. 372.

■■ *Ergo*, we hold that the Department's requirement that the defendant sign the Bloomingdales' form under the penalties of perjury was not authorized by statute and that his oath therefore cannot be the basis of a perjury conviction. See *Williamson v. United States* (1907), 207 U.S. 425, 52 L. Ed. 278, 28 S. Ct. 163.

■■ The State argues, however, that even if defendant cannot be convicted on the basis of his oath, he can be convicted under this indictment on the theory of accountability. The fact that the indictment charges defendant as a principal and makes no reference to the theory of accountability does not in itself make the indictment defective. Ever since *Baxter v. People* (1846), 8 Ill. 368, it has been the rule in Illinois that a person charged as a principal can be convicted upon evidence showing that he was in fact only an aider or abetter. (*People v. Ruscitti* (1963), 27 Ill. 2d 545, 190 N.E.2d 314; *People v. Bates* (1959), 16 Ill. 2d 290, 157 N.E.2d 68; *People v. Heuton* (1971), 2 Ill. App. 3d 427, 276 N.E.2d 8.) Courts permit this pleading practice because accountability is not a separate offense but merely an alternative manner of proving a defendant guilty of the substantive offense. *People v. Buffington* (1977), 51 Ill. App. 3d 899, 366 N.E.2d 1099.

■■ We conclude, however, that this particular perjury indictment would not support conviction of defendant on the theory of accountability. The Bloomingdales' Form IL-1040 contains two oaths—one by taxpayers and

one by defendant. The indictment clearly focuses upon defendant's oath as being perjurous. If the State were allowed to prosecute defendant on the theory of accountability, the entire focus of the case would shift to the question whether the *Bloomingdales'* oath was perjurous. For the indictment to support such a prosecution, it would have to allege that the *Bloomingdales* took an oath; that this oath was required by law, false, and material to the issue in question; and that they did not believe their statement to be true. (Ill. Rev. Stat. 1979, ch. 38, par. 32—2(a).) This indictment contains none of these allegations and therefore does not state an offense upon which defendant could be convicted on the theory of accountability. See *Usselton v. People* (1894), 149 Ill. 612, 36 N.E. 952.

## II. FRAUDULENT RETURN

■■ Section 1301 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 13—1301) provides:

> "Any person who is subject to the provisions of this Act and who willfully fails to file a return, or to keep books and records as required herein, or who files a fraudulent return, or who willfully violates any rule or regulation of the Department for the administration and enforcement of the provisions of this Act, or who willfully attempts in any other manner to evade or defeat any tax imposed by this Act or the payment thereof shall, in addition to other penalties, be guilty of a Class B misdemeanor."

A prerequisite of the State's prosecuting a person under this section is that he be subject to the provisions of the Act. As we have indicated above, the Act makes no reference—either direct or indirect—to tax *preparers*, and we therefore see no way in which defendant could be considered subject to its provisions.

Again, the State contends that even though defendant was not required to file a return, he can be convicted, on the theory of accountability, of filing a false return. The State thus sees this as analogous to prosecuting a husband or a woman of rape on the theory of accountability. *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25; *People v. Trumbley* (1911), 252 Ill. 29, 96 N.E. 573.

■■ We agree that defendant could be charged with this offense and proven guilty as an aider or abetter. However, count II fails to state a substantive offense and therefore cannot support such a conviction. There are two elements of a section 1301 offense—(1) a person subject to the provisions of the Act, (2) files a fraudulent return. Count II does not allege that either defendant or the Bloomingdales were subject to the provisions of the Act. Since this count fails to set forth the elements of the offense charged, it suffers from a fraudulent defect and is therefore void. *People*

*v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388; *People v. Deal* (1979), 69 Ill. App. 3d 74, 387 N.E.2d 21.

The trial court's dismissal of the indictment was correct.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.