2024 IL App (1st) 230662-U

SECOND DIVISION
September 24, 2024

No. 1-23-0662

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 10 CR 10902 |
| JASON BURNS, | ) ) | Honorable Patrick Coughlin, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Rena Marie Van Tine and Justice McBride concurred in the judgment.

ORDER

¶ 1   *Held*: We affirm the circuit court's order denying defendant's motion for leave to file a successive postconviction petition. Defendant did not establish "cause and prejudice" where his claims were previously raised and adjudicated on the merits.

¶ 2   Defendant appeals from the circuit court's order denying his request for leave to file a successive postconviction petition. The circuit court found that defendant did not establish the required cause and prejudice for filing a successive postconviction petition and that defendant's claims were barred by *res judicata*. Defendant appeals and argues that the circuit court erred when it denied him leave to file a successive postconviction petition. We conclude that the trial court correctly denied defendant's motion for leave to file a successive petition and, accordingly, we affirm.

¶ 3                                    BACKGROUND

¶ 4      After a bench trial, defendant Jason Burns was found guilty of first-degree murder under

the theory of accountability and three counts of aggravated discharge of a firearm. The charges

resulted from a shooting in which Adam Martinez was shot and killed. Three other men were in a

vehicle with Martinez when he was shot and killed. Defendant was sentenced to 30 years in

prison for the murder, and he was given three additional 5-year prison sentences for aggravated

discharge of a firearm in the direction of the three other men. The trial court ordered the

aggravated discharge of a firearm sentences to be served concurrently.

¶ 5      Prior to trial, the trial court granted the State's motion to admit evidence that the

defendant was part of a conspiracy to seek revenge on an individual named Tomaras Qualls, who

had been in a fight with one of defendant's friends. The evidence at trial[1] showed that defendant

was with a group of men, including Cory Anderson and Jabriel Anderson, who approached a

vehicle which they mistakenly believed to be occupied by Qualls. However, the vehicle was

instead occupied by the victim, Martinez, and three other men. The group split up to approach

the vehicle, with defendant and one man going one direction around a house and the other men

going the other way around the house. One of the men in the group that approached the vehicle

raised a firearm and fired approximately six shots into the vehicle. A bullet struck Martinez in

the head and resulted in his death.

¶ 6      During the bench trial, the State argued to the trial judge that defendant was the shooter.

For example, the State argued "this defendant, Jason Burns, took the gun *** pointed a gun in

the direction of Adam Martinez *** and shot not once, not twice, but several times at Adam

---

[1] A more complete recitation of the facts can be found in our order affirming the dismissal
of defendant's initial postconviction petition. See *People v. Burns*, 2019 IL App (1st) 170151-U.

Martinez's car." The defense attempted to show that either Cory Anderson or Jabriel Anderson was the shooter and argued that defendant did not have the opportunity, motive, or desire to commit this murder.

¶ 7    The trial court found defendant guilty of one count of first-degree murder and three counts of aggravated discharge of a firearm. In announcing its finding of guilty, the trial court did not state that it found defendant guilty under an accountability theory. However, during the posttrial proceedings, the parties and the court all appeared to agree that defendant had been found guilty by accountability.

¶ 8    Defendant filed a posttrial motion with the assistance of appointed counsel. In his posttrial motion, defendant argued the trial court erred in finding him guilty of murder under the theory of accountability. Defendant argued that the testimony about defendant being the actual shooter was not reliable. Defendant further contended that there was no scheme or plan to commit a murder in this case and, because defendant was not part of any plan to shoot anyone, the evidence was insufficient for a first-degree murder conviction. The State responded to the posttrial motion arguing that the trial court was justified in finding defendant guilty under an accountability theory.

¶ 9    The trial court's comments at the hearing on the posttrial motion are further support that it found defendant guilty by accountability. The trial court stated that it discounted impeached testimony that defendant was the actual shooter, otherwise, it would have found defendant guilty of the charges that he actually fired a weapon during the offense. The trial court explained why there was sufficient evidence to convict, and it denied defendant's posttrial motion. The trial court sentenced defendant, and he appealed.

¶ 10                                    Direct Appeal

¶ 11    On appeal, counsel filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967) asserting that an appeal in the case would be without arguable merit. Defendant filed a *pro se* motion to strike counsel's motion to withdraw, and he requested that he be appointed new counsel or be permitted to proceed *pro se*. In his response to counsel's motion to withdraw, defendant explained that the trial court abused its discretion by finding him guilty under an accountability theory where the State did not pursue that theory at trial. Defendant also argued that there were other meritorious issues for an appeal, including trial counsel's failure to impeach a key witness and a lack of sufficient evidence to support his convictions.

¶ 12    In a summary order affirming defendant's convictions, we explained that we "carefully reviewed the record in this case, the brief submitted by counsel, and defendant's *pro se* response, and have found no issues of arguable merit to be asserted on appeal." *People v. Burns*, 2015 IL App (1st) 132215-U (Summary Order, May 22, 2015). We explained that defendant's argument challenging the sufficiency of the evidence raised only weight and credibility issues that are within the province of the trial court. *Id*. at ¶ 4. We found that "the evidence, viewed in the light most favorable to the prosecution, was sufficient to allow a reasonable trier of fact to conclude that defendant was proved guilty of murder by accountability and three counts of aggravated discharge of a firearm." (Internal citation omitted). *Id*.

¶ 13    With respect to defendant's accountability claim, we held in our summary disposition:

"The fact that defendant was charged in the indictment as a principal, without referencing the theory of accountability, did not, in itself, preclude his conviction on an accountability theory where the evidence showed that he was an aider or abetter. *People v. Doss*, 99 Ill. App. 3d 1026, 1029 (1981). The evidence presented

at trial established defendant's participation in the common design to fight, which then rendered him accountable for the shooting that followed. *People v. Fernandez*, 2014 IL 115527, ¶¶ 17-18." *Burns*, 2015 IL App (1st) 132215-U, ¶ 5.

¶ 14 Finally, we found that defendant's ineffective assistance of trial counsel argument failed because the record demonstrated counsel thoroughly examined the witnesses and ably argued defendant's case to the trial court. *Id.* at ¶ 6. Accordingly, we granted the State Appellate Defender's motion for leave to withdraw as counsel, and we affirmed the judgment of the trial court. Defendant did not appeal our decision to the supreme court.

¶ 15                                    Initial Postconviction Petition

¶ 16 One year after we affirmed defendant's convictions on direct appeal, defendant filed a *pro se* petition for postconviction relief in the trial court. In his postconviction petition, defendant claimed that he received ineffective assistance from his counsel on direct appeal because counsel should have pursued his multiple claims instead of moving to withdraw. Defendant further claimed that his due process rights were violated in two ways: (1) when he was convicted under an accountability theory after being charged and tried as the principal; and (2) by trial counsel's failure to investigate his mental health and request a fitness hearing. The trial court summarily dismissed the postconviction petition at the first stage, finding it to be frivolous and patently without merit.

¶ 17 Defendant appealed the dismissal of his original postconviction petition. Counsel was appointed to represent defendant on appeal. On appeal from the dismissal, defendant, through counsel, chose only to proceed on the claim that trial counsel was ineffective for failing to investigate his mental health and request a fitness hearing. *People v. Burns*, 2019 IL App (1st) 170151-U, ¶ 2 (unpublished order under Supreme Court Rule 23, Oct. 23, 2019). We concluded

that "the circuit court did not err when it summarily dismissed [defendant's] *pro se* postconviction petition." *Id*. at ¶ 30. We affirmed the circuit court's order dismissing defendant's petition at the first stage. *Id*. at ¶ 31.

¶ 18                          Successive Postconviction Petition

¶ 19    Almost three years after we affirmed the dismissal of defendant's original postconviction petition, on September 27, 2022, defendant filed a *pro se* motion in the trial court seeking leave to file a successive postconviction petition. In his motion, defendant essentially claims that: he received ineffective assistance of counsel on direct appeal; his due process rights were violated because the trial court found him guilty under an accountability theory even though the State did not pursue that theory at trial; and the State did not meet its burden of proof. Defendant argues in his motion for leave to file a successive petition that there is cause for his failure to bring his claims earlier: because counsel on appeal filed a motion to withdraw despite his claims having merit. Defendant also suggests that there is cause for filing a successive petition because the "appellate courts [*sic*] erroneous & misleading decision barred [the trial court] from addressing [his] clear due-process violation under both the 6th & 14th amendment right under the u.s. [*sic*] constitution."

¶ 20    The trial court denied defendant's motion for leave to file a successive postconviction petition. The court found that defendant failed to establish the required cause and prejudice for filing a successive petition. The court explained that if defendant disagreed with the appellate court's decision in his direct appeal from seven years earlier, his remedy was to appeal to the Illinois Supreme Court, not to re-raise the issues in the trial court in a successive postconviction petition so many years later. The trial court also explained that defendant's claims are barred by the doctrine of *res judicata* because they have already been raised in prior proceedings.

Defendant now appeals the trial court's order denying him leave to file a successive postconviction petition.

¶ 21                                    ANALYSIS

¶ 22     Defendant argues that the trial court erred when it denied him leave to file a successive postconviction petition because he had two meritorious issues to raise on direct appeal but appellate counsel's decision to move to withdraw constituted ineffective assistance of counsel. The two issues that defendant claims to be meritorious are: "(1) the trial court erroneously found him guilty on a theory of accountability where the State relied exclusively on a theory that [he] was the shooter, and (2) regardless of the court's error, the evidence against him was insufficient to show he was accountable for Adam Martinez's death." Defendant acknowledges he raised these two substantive issues in his direct appeal after counsel moved to withdraw under *Anders* and that he also previously raised them in his original postconviction petition in which he alleged that his counsel on direct appeal was ineffective. Defendant argues, however, that, like his counsel on direct appeal, his postconviction appeal counsel "similarly failed to raise these claims." Defendant suggests that this court "has never considered either claim other than where [defendant's] counsel was actively arguing against him."

¶ 23     The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a process by which a criminal defendant may challenge his conviction or sentence by filing a petition for relief in the circuit court. 725 ILCS 5/122-1 (West 2022). The Act sets forth a process by which a defendant can assert that, in the proceedings that resulted in his conviction, there was a substantial denial of his federal or state constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). If a defendant desires to file a successive postconviction petition after his original petition is dismissed, he must request leave of court before filing it. 725 ILCS 5/122-1(f)

(West 2022).

¶ 24   The Post-Conviction Hearing Act contemplates the filing of only one petition. *Id*. Successive postconviction petitions are disfavored by Illinois courts. *People v. Edwards*, 2012 IL 111711, ¶ 29. A petitioner must meet a higher burden to go forward on a successive postconviction petition than he must meet at the first stage of original postconviction proceedings. *Id*. at ¶¶ 25-29. Successive postconviction petitions impede the finality of criminal litigation and, therefore, a petitioner faces immense procedural hurdles when bringing a successive petition—hurdles that are lowered only in very limited circumstances. *People v. Davis*, 2014 IL 115595, ¶¶ 13-14.

¶ 25   To proceed on a successive postconviction petition, a petitioner must either assert a claim of actual innocence or satisfy the cause and prejudice test. *People v. Wilson,* 2014 IL App (1st) 113570, ¶ 33. To establish "cause" under the cause and prejudice test, a defendant must identify an objective factor that impeded his ability to raise a specific claim during his initial postconviction proceedings. *People v. Profit*, 2023 IL App (1st) 210881, ¶ 17. To establish "prejudice," a defendant must demonstrate that the claim that was not originally raised infected the trial to the extent that the resulting conviction or sentence violated due process. *Id.* It is the defendant's burden to make a *prima facie* showing of cause and prejudice before any further proceedings on his claims can occur. *Id*. We review the trial court's decision to deny a defendant leave to file a successive postconviction petition *de novo. People v. Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 26   Our supreme court has explained that a ruling on a postconviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. *People v. Gosier,* 205 Ill. 2d 198, 203 (2001). Additionally, any issues that could

have been, but were not, raised in the original proceeding or original postconviction petition are forfeited. *People v. Sanders,* 2014 IL App (1st) 111783, ¶ 19.

¶ 27    In this appeal, defendant argues he stated cause and prejudice to be allowed to file a successive postconviction petition because he received ineffective assistance of direct appeal counsel. Defendant alleges direct appeal counsel improperly withdrew from his appeal after counsel determined his accountability argument and sufficiency of the evidence argument had no merit. Defendant also argues the performance of his initial postconviction counsel was deficient because counsel failed to allege deficient performance of direct appeal counsel for failing to pursue his accountability and sufficiency of the evidence arguments.

¶ 28    To evaluate these claims, we will address the issues chronologically.

¶ 29                    Alleged Ineffective Assistance of Direct Appeal Counsel

¶ 30    In this case, direct appeal counsel reviewed the accountability claim and the sufficiency of the evidence claim raised by defendant and determined they had no merit. Accordingly, counsel moved in a motion under *Anders* to withdraw, stating there were no meritorious issues in the appeal. In response to counsel's motion to withdraw, defendant raised the accountability and sufficiency of the evidence issues in a *pro se* response, putting the issues before this court for determination. We rejected defendant's claim that the court improperly found him guilty under an accountability theory because the evidence showed defendant was engaged in a common design to fight and seek revenge which rendered him accountable for the shooting that followed. *Burns*, 2015 IL App (1st) 132215-U, ¶ 5. We also found the evidence sufficient to sustain his conviction. *Id*. at ¶ 4.

¶ 31    Counsel on direct appeal is not required to argue meritless claims. The entire basis of defendant's claim of ineffective assistance is based on the theory that direct appellate counsel

was ineffective for withdrawing and not pursuing his accountability and sufficiency of the evidence claims. However, we reviewed counsel's request to withdraw from the representation and deemed it to be proper. Our decision became final and was not pursued further by defendant until the time for raising such a challenge had passed.

¶ 32 Defendant did not appeal our decision to the supreme court and, therefore, the decision is the law of the case. *People v. Sutton*, 233 Ill. 2d 89, 100 (2009); see also *Turner v. Commonwealth Edison Co.,* 63 Ill. App. 3d 693, 698 (1978) ("Courts will not permit parties to relitigate the merits of an issue once decided by an appellate court, the proper remedy for a dissatisfied party is by petition for rehearing or by petition for leave to appeal to the Illinois Supreme Court.").

¶ 33                   Alleged Ineffective Assistance of Initial Postconviction Counsel

¶ 34 In his motion seeking leave to file a successive petition, defendant claims that the appellate court's misleading and erroneous order in his direct appeal provides him with cause to file his successive petition because our decision prevented the trial court from finding any merit in his original postconviction claims.

¶ 35 On appeal from the denial of that motion, defendant abandons that argument. He now contends postconviction appellate counsel was ineffective for failing to raise the ineffectiveness of his direct appeal counsel during the initial postconviction proceedings. However, defendant did not raise the issue of postconviction appellate counsel's alleged ineffectiveness in his motion to file a successive postconviction petition. The State argues defendant has forfeited the issue and may not raise it for the first time on appeal (citing *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006) (postconviction issues not raised in the trial court cannot be raised for the first time on appeal)).

¶ 36    We agree the State's argument has merit. However, setting aside any forfeiture of the ineffective assistance of postconviction counsel issue, there is a fundamental oversight in defendant's arguments. As explained earlier, we have already rejected on the merits the accountability and sufficiency of the evidence claims defendant now raises when we affirmed his convictions on direct appeal. See *Burns*, 2015 IL App (1st) 132215-U.

¶ 37    In response to direct appeal counsel's motion to withdraw, defendant argued to this court both that the evidence at trial was insufficient to convict and that the trial court erred by finding him guilty under an accountability theory when the State's theory at trial was that defendant was the shooter. These are the same two claims defendant wishes to pursue now. *Res judicata* and forfeiture principles apply even in the context of an appellate counsel's *Anders* motion to withdraw on direct appeal where, as here, the defendant filed a response to the motion. *People v. Brown*, 2017 IL App (1st) 150203, ¶ 28. This principle is a total bar to defendant's claims in this proceeding because the issues defendant presents here were already considered and rejected by this court on direct appeal. See *Burns*, 2015 IL App (1st) 132215-U, ¶ 4 (the evidence was sufficient for defendant to be proved guilty under an accountability theory); ¶ 5 (defendant could properly be found guilty by accountability regardless of how the crime was charged). Where *res judicata* precludes relief, the claim is necessarily frivolous or patently without merit. *People v. Johnson*, 2021 IL 125738, ¶ 48.

¶ 38    The claims have already been considered on the merits and rejected by this court after we "carefully reviewed the record in this case, the brief submitted by counsel, and defendant's *pro se* response." *Burns*, 2015 IL App (1st) 132215-U, ¶ 4. In this appeal, defendant is asking for leave to relitigate the same questions.

¶ 39     Defendant alleges postconviction counsel was ineffective for failure to allege direct appeal counsel's ineffectiveness for failure to raise the accountability arguments and sufficiency of the evidence arguments which we previously rejected on direct appeal. However, it is clear from the record that the issues defendant claims postconviction counsel should have raised were already adjudicated and the issues are *res judicata*. Issues barred by the doctrine of *res judicata* lack merit. Postconviction counsel is not required to advance claims made by a defendant when the record suggests the claims lack merit. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (the Supreme Court Rule governing postconviction counsel's duties and responsibilities "does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf."). Therefore, postconviction counsel was not ineffective for declining to pursue an argument that lacks merit.

¶ 40     Defendant was not prejudiced by postconviction counsel's decision to not pursue the issues because the court would reject those claims because they were previously decided on the merits and are procedurally barred. In the absence of prejudice, there is no ineffective assistance of counsel. *People v. LaFond*, 343 Ill. App. 3d 981, 986 (2003). More importantly, because the claims were already adjudicated on the merits, postconviction counsel cannot be said to have rendered unreasonable assistance for failing to again pursue the claims in the initial postconviction proceeding.

¶ 41                                    Relaxation of Procedural Bars

¶ 42     Defendant nonetheless points out that "[t]hese procedural bars *** do not affect this Court's jurisdiction, so they can be relaxed where fundamental fairness requires." (Citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)). He suggests that we employ the cause and

prejudice test as a guide for determining whether fundamental fairness requires relaxing the Post-Conviction Hearing Act's prohibition on successive petitions.

¶ 43    To establish "cause" under the cause and prejudice test, a defendant must identify an objective factor that impeded his ability to raise a specific claim during his initial postconviction proceedings. *Profit*, 2023 IL App (1st) 210881, ¶ 17. Defendant cannot identify any objective factor that prevented him from raising these claims in his initial postconviction petition because the claims *were raised* in that petition. Our supreme court has explained that a defendant "cannot satisfy the cause prong of the test when he did, in fact, raise the specific claim he seeks to raise again in his successive petition. *People v. Montanez*, 2023 IL 128740, ¶ 106. "There can be no cause for failing to raise a claim in the initial proceeding when the claim was, in fact, raised in that proceeding." *Id*. (quoting *People v. Conway*, 2019 IL App (2d) 170196, ¶ 25).

¶ 44    The trial court was correct to observe that, if defendant believed our analysis on direct appeal was incorrect, his recourse was to file a petition for leave to appeal to the Illinois Supreme Court. Defendant's counsel on direct appeal asked this court for leave to withdraw, observing that defendant had no issues of arguable merit to present on appeal. We granted counsel's motion to withdraw. If defendant believed appellate counsel was wrong to seek to withdraw and we were wrong to allow it, he should have appealed to the supreme court at the time those decisions were made. *Turner,* 63 Ill. App. 3d at 698.

¶ 45    Defendant contends that he should be able to proceed on a successive postconviction petition because his initial postconviction proceedings were fundamentally flawed. Defendant argues that postconviction counsel should have proceeded on his claims that he was denied due process by being found guilty under an accountability theory and that the evidence was insufficient to support his conviction. He opines that those claims are meritorious so his

postconviction counsel's failure to pursue them on appeal constitutes cause for not raising the claims earlier and constitutes a fundamental deficiency in the first postconviction proceeding. However, it is clear these claims were barred after being litigated on direct appeal and, accordingly, postconviction counsel was not ineffective for declining to pursue claims that are meritless and barred by *res judicata*.

¶ 46    The scope of postconviction proceedings is limited to "constitutional matters that have not been, and could not have been, previously adjudicated." *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). Here, the claims raised by defendant have been previously adjudicated by the trial court and this court. The substance of the claims has not changed since he filed his direct appeal. All the matters in this appeal have been or could have been previously adjudicated. As such, the trial court correctly denied defendant's motion seeking leave to file a successive postconviction petition.

¶ 47                             CONCLUSION

¶ 48    Accordingly, we affirm.

¶ 49    Affirmed.