(No. 23177.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS MEDIVINE, Plaintiff in Error.

*Opinion filed February 14, 1936.*

KAMFNER, HALLIGAN & MARKS, (HAROLD E. MARKS, and ARTHUR J. GOLDBERG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Morris Medivine, was convicted in the criminal court of Cook county of robbery while armed with a gun. He was jointly indicted with one Robert Jerome and charged with robbing one Louis P. Kahn. The case was tried without a jury. Jerome was acquitted. Medivine brings the case here on writ of error and argues that the evidence did not prove him guilty beyond a reasonable doubt.

The testimony of the People's witnesses is, that about 6:30 P. M. on the evening of August 30, 1934, Kahn was

robbed in his cigar store by a man who stepped up behind him and placing some hard object behind his ear demanded that he throw up his hands. Some $15 to $18 was taken from his pocket and he was directed to lie down on the floor, which he did. He did not see the person robbing him. Later he was told to crawl into the toilet in the back part of the store. This he did and found a number of other men huddled in the toilet at that time. The cigar store building was divided into a small sales room in the front, a large card room in the middle, and a small office and a toilet in the rear. Some twenty-five persons were in the large middle room, seated at card tables, when a man identified as Medivine came in and ordered them all to hold up their hands. Thomas Maloney, a police officer, on being informed that a robbery was taking place in Kahn's cigar store, went in with his revolver in his hand. Finding the front room of the store unoccupied, he went into the center room and saw some twenty or more men lined up in a semicircle in the rear of the room with their arms in the air and Medivine was holding a revolver leveled at them. The witness shouted, "Throw up your hands!" and Medivine turned and fired a shot. The witness fired five shots and Medivine fell. The witness stepped into the next room to load his pistol, and Medivine came from the center room and attempted to fire at him again. The witness returned the fire and Medivine returned to the back room. Later he was found in the basement and ordered to come out, holding his hands over his head. His hand was bleeding and he was also wounded in the shoulder. On being asked what he did with his pistol, he said it was in the basement. The gun was later recovered and identified by the blood upon it as the one in Medivine's possession. Jerome also was in the basement with him. Other police officers corroborated this testimony.

Medivine testified that he went to the cigar store and into the center room of the building to place a bet on a

horse race; that he was one of the men who was held up; that someone came in and said, "Drop that gun!" and all of a sudden he knew he was shot; that he was shot after everybody started to run, and he ran with them toward the back. He denied having a revolver in his possession or firing a shot at anybody. He also denied that anyone asked him where his gun was or that he told them it was in the basement. He denied any participation in the robbery.

The claimed insufficiency of proof in this case concerns the identification. Medivine was, however, positively identified by officer Maloney as the man who was engaged in holding up a number of persons when the witness entered the room. There is no evidence that anyone other than Medivine and Maloney did any shooting.

It is also argued that since no money was found on Medivine, he, even though sufficiently identified, could not be found guilty of more than an attempt to rob. The sum of $112 was found on Jerome. Though the court entered a finding of not guilty as to Jerome, he was present at the time, was seen engaged in conversation with Medivine and was in the basement with him. Both of them had guns, which they left in the basement when they were ordered to come out. Whether Medivine was the man who held the gun on Kahn or was there as an accessory is immaterial, for the reason that one who participates in or aids in the commission of a crime is guilty as principal under the statute. (Smith's Stat. 1935, chap. 38, par. 582.) The identification of plaintiff in error is positive. Where the evidence is merely conflicting this court will not substitute its judgment for that of the trial court. (*People* v. *Martishuis,* 361 Ill. 178; *People* v. *Wisz,* 360 id. 126; *People* v. *Lipiano,* 358 id. 475.) A review of this record convinces us that we would not be justified in disturbing the finding of guilty.

The judgment is affirmed.

*Judgment affirmed.*