(No. 37548.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROGER SCOTT TOUHY, Plaintiff in Error.

*Opinion filed September 29, 1964.*

DANIEL NAGLE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and PAUL A. O'MALLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY deliverd the opinion of the court:

Defendant, Roger Scott Touhy, who was tried by a jury in the criminal court of Cook County, was found guilty of armed robbery and sentenced to the penitentiary for a term of not less than one nor more than ten years. He prosecutes this direct review contending that the suppression of evidence by the prosecution deprived him of due process of law, and that there was a fatal variance between the allegations of the indictment and the proof.

Essential facts show that a grocery store in the city of Chicago was held up on the night of January 26, 1962, by two men, one of whom was armed with a gun and the other of whom was apparently unarmed. The robbers escaped with over $3,000. The following day, the store manager and a stock boy identified defendant from a police photograph as the unarmed robber and he was subsequently apprehended. This identification was repeated at the trial, and the witnesses likewise testified that defendant had not been armed.

The indictment returned against the accused charged him directly as a principal, alleging that he had committed the crime of robbery "while armed with a dangerous weapon," and the first error claimed is that since it was not proved that defendant participated as an armed principal, but only that he was an unarmed accessory, there is a fatal variance between the indictment and the proof which requires reversal. In making this contention defendant concedes that had he been charged and tried under the criminal laws as they existed prior to the enactment of the Criminal

Code of 1961, his indictment as a principal would have been proper and there would be no basis for the claim of a variance. (See: Ill. Rev. Stat. 1959, chap. 38, pars. 501, 582; *People* v. *Ruscitti,* 27 Ill.2d 545; *People* v. *Bates,* 16 Ill.2d 290; *People* v. *Medivine,* 362 Ill. 409; *People* v. *Lucas,* 244 Ill. 603.) He insists, however, that with the advent of the 1961 Code an unarmed accessory may no longer be charged or found guilty as a principal to the crime of armed robbery.

To better understand defendant's position and the grounds upon which it is based a brief review of statutes in question, past and present, is necessary. Prior to the adoption of the 1961 Code, the crimes of robbery and armed robbery were treated upon in one section of our criminal laws as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than twenty years; or if he is armed with a dangerous weapon, *or if he has any confederate present so armed, to aid or abet him,* he shall be imprisoned in the penitentiary for any term of years not less than one year or for life." Ill. Rev. Stat. 1959, chap. 38, par. 501; emphasis ours.

In the 1961 Code, which took effect on January 1, 1962, shortly before the crime involved, robbery and armed robbery were separately dealt with in sections 18—1 and 18—2, respectively. (Ill. Rev. Stat. 1961, chap. 38, pars. 18—1, 18—2.) So far as pertinent here, section 18—1 provides: "Robbery. (a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force", after which section 18—2 provides in part: "Armed Robbery. (a) A person commits armed robbery when he violates Section 18—1 while armed with a dangerous weapon." It is plaintiff's contention that the omission of the words "or if he has any confederate present so armed, to aid or abet him"

from the reenactment of the robbery statute manifests a legislative intention to change the law so that only persons actually possessing a dangerous weapon may be found guilty of armed robbery. Stated otherwise, it is the thrust of his contention that the legislature intended that unarmed accessories who aid and abet an armed robber may no longer be charged and tried as principals.

A ready answer to defendant's contention is found in the report of the committee which drafted the 1961 Code, a source to which we may properly look in determining the legislative intent. (*Moran* v. *Bowley*, 347 Ill. 148; *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 405 Ill. 577.) In that report, which was titled "Tentative Final Draft of the Proposed Illinois Revised Criminal Code of 1961," it was commented at page 292 with reference to section 18—2: "The reference to confederates is eliminated as unnecessary. The principles of accountability stated in § 5—2(c) of this Code are deemed to cover such accessoryship situations adequately." Section 5—2(c), referred to, supplanted section 2 of division II of the prior law, (Ill. Rev. Stat. 1959, chap. 38, par. 582,) and provides the following: "A person is legally accountable for the conduct of another when: * * * (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1961, chap. 38, par. 5—2(c).) Further, it is provided in section 5—1 of the new Code: "A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5—2, or both." Ill. Rev. Stat. 1961, chap. 38, par. 5—1.

In the face of language so plain, and looking to the entire Code and each of its sections, as we must do to ascertain the legislative intent, (*Scribner* v. *Sachs,* 18 Ill.2d 400;

*Huckaba* v. *Cox,* 14 Ill.2d 126,) we believe there has been no departure from the law relative to armed robbery and accessories as it existed prior to the Code, and that defendant, being legally accountable for the conduct of his armed companion, was properly charged and tried as a principal. The legal consequences of his accessorial acts sufficiently met the charge in the indictment and, this being so, the claim of variance will not lie. *Coates* v. *People,* 72 Ill. 303, 304.

For his final contention defendant charges that the prosecution suppressed and denied him access to two of three statements alleged to have been made by one of the identifying witnesses, and thus deprived him of a fair trial. Since the point was not raised in defendant's written motion for a new trial, it is deemed to have been waived and therefore not subject to review. *People* v. *Greer,* 30 Ill.2d 415; *People* v. *Needham,* 22 Ill.2d 258.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*