2 Ill. App.3d 427 (1971)
276 N.E.2d 8
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
PATRICK HEUTON, Defendant-Appellant.
No. 70-120.
Illinois Appellate Court  Second District.
November 19, 1971.
Edwin L. Douglas, Public Defender, of Glen Ellyn, (John O. Vogel and Frank Wesolowski, Assistant Public Defenders, of counsel,) for appellant.
*428 Wm. V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
Patrick Heuton, the defendant, was indicted on charges of attempted armed robbery, attempted murder and aggravated battery. He was convicted of the armed robbery attempt and the aggravated battery after a jury trial and was sentenced to 3-7 years in the penitentiary.
On June 9th, 1969, defendant and two others had entered the Burger King Restaurant in Glen Ellyn at a time when it was closed for business. One of the subjects-not defendant-shot and wounded an employee, after which the shooting victim and two other employees were ordered into the restaurant "cooler." No money or property was taken.
 1, 2 Defendant first argues that in the count of the indictment in which he was charged with aggravated battery, he was improperly charged as a principal with no allegations of conduct which would demonstrate that he was being charged with accountability for anothers' acts. (Ill. Rev. Stat. 1969, ch. 38, pars. 5-1, 5-2, 5-3.) We find that the indictment was sufficient since an accused may be properly charged as a principal even though he was only an accessory to the crime. (People v. Touhy (1964), 31 Ill.2d 236, 239, 240; People v. Chellew (1969), 104 Ill. App.2d 100, 102.) Defendant seeks to distinguish both Touhy and Chellew by suggesting that the cases did not deal with the sufficiency of the indictment but only the nature of accountability. The cases do not support this argument. Defendant also suggests that no court has reached the issue based on ch. 38, par. 5-3, supra,
"A person who is legally accountable for the conduct of another * * * may be convicted upon proof that the offense was committed and that he was so accountable, * * *." (Emphasis added.)
Par. 5-3 makes no reference to the form of the indictment. It deals only with the nature of the proof required for a separate conviction of one who, under the definitions in Par. 5-1 and 5-2, supra, is legally accountable for the conduct of another.
 3 Defendant next claims that the People's Instruction No. 15 (IPI-Criminal 11.08), the issue instruction relating to aggravated battery, improperly omitted an essential element of the crime of Battery (Ill. Rev. Stat. 1969, ch. 38, pars. 12-3, 12-4), "without legal justification." The quoted language was contained in the indictment, but under the circumstances of this case it was not necessary to instruct the jury as to this defense. A defense of justifiable use of force is an affirmative defense under the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 7-14. There was no evidence at the trial which could be said to raise the affirmative defense. *429 The defendant's testimony was that he was present at the scene because he thought his companion was going there to visit a friend. He claimed to be unarmed and unaware of the proposed armed robbery. Under these circumstances the instruction, as given, was proper.
 4 The further contention by defendant that he was denied effective representation by his private counsel is without merit from our examination of the entire record. The representation did not deny defendant of a fair trial under any applicable standards. See People v. Somerville (1969), 42 Ill.2d 1, 5; People v. Bliss (1970), 44 Ill.2d 363, 370; and People v. Bernette (1970), 45 Ill.2d 227, 233, 234.
 5 We also reject defendant's argument that the sentence was erroneous because it applied to the indictment and not to the separate counts. The single sentence for the crime of aggravated battery and attempted armed robbery was proper since both offenses arose from the same conduct or transaction. Ill. Rev. Stat. 1969, ch. 38, pars. 1-7(m), 2-4; People v. Stewart (1970), 45 Ill.2d 310, 313; People v. Stevenson (1969), 107 Ill. App.2d 441, 449.
The judgment below is affirmed.
Judgment affirmed.
MORAN, P.J., and ABRAHAMSON, J., concur.