THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN GRAY, Defendant-Appellant.

(No. 58456;

First District (4th Division)—October 10, 1973.

James J. Doherty, Public Defender, of Chicago, (Lee T. Hettinger, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Patricia Campbell Bobb, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of Cook County. Following a bench trial, the defendant, Calvin Gray, was found guilty of criminal destruction to property and sentenced to a term of eight months in the Cook County House of Correction.

Two issues are presented for review: (1) whether the defendant understandingly waived his right to a jury trial; and (2) whether the trial court abused its discretion in failing to allow the defense counsel an opportunity to present a closing argument prior to entering his finding of guilty.

On May 26, 1972, at 2:30 A.M., Chicago police officers McMahon and Susinis investigated a broken window in the building housing the Wentworth Tire Company located at 11024 Wentworth Avenue in Chicago. Upon further investigation, the two police officers found the defendant inside a washroom in the building.

Bert Van Derzee, one of the owners of the tire company, testified during the defendant's subsequent trial that the window at the tire company had been intact when he closed the store at 5:30 P.M. the previous day.

Testifying in his own defense, the defendant denied being found in the tire store by the two police officers and stated he had been stopped on the street by the officers, who then took him to the damaged premises.

At the conclusion of the defendant's trial, the defendant was found guilty of criminal destruction to property as charged and sentenced to a term of eight months in the Cook County House of Correction.

The first issue presented for review is whether the defendant understandingly waived his right to a jury trial.

The defendant contends the record fails to disclose whether the defendant himself waived his right to a jury trial; whether the trial judge informed the defendant of his right to a jury trial; and whether the trial judge questioned the defendant or his appointed counsel to assure himself the waiver made by appointed counsel was understandingly made. In support of this contention, the defendant urges this court to rely on the decisions in *People v. Baker* (1970), 126 Ill.App.2d 1, and *People v. Boyd* (1972), 5 Ill.App.3d 980, which distinguish the rule set forth regarding jury waiver in *People v. Sailor* (1969), 43 Ill.2d 256. In *People v. Sailor,* the supreme court stated that in a situation where a defendant's counsel expressly advises the court the jury is waived in the presence of the defendant and without any objection by the defendant, the defendant acquiesced in and is bound by the action of counsel. In both *People v. Baker* and *People v. Boyd,* the rule set forth in *People v. Sailor* was distinguished, in that a jury waiver made by counsel appointed at the time of trial was held to be invalid because the record did not indicate the appointed counsel had an adequate opportunity to confer with the defendant.

The basic fact stands unrefuted that the defendant's appointed counsel, in the presence of the defendant and without any objection by the defendant, waived the defendant's right to trial by jury not once, but twice. The question facing this court therefore is whether the decision in *People v. Sailor* governs here and should be applied, or whether the decisions in *People v. Baker* and *People v. Boyd,* which distinguish the rule set forth in *People v. Sailor,* should be applied.

■■ A review of the record reflects *People v. Sailor* should be applied to the instant situation. The rationale for such application is ably set forth in *People v. Gay* (1972), 4 Ill.App.3d 652. In *People v. Gay, People v. Baker* was held to be inapplicable in a situation very similar to the instant case where the defendant's appointed counsel affirmatively and

unmistakenly tried the defendant's case especially to the point of leading the defendant through a statement in which he attempted to assert his innocence. In *Gay*, the reviewing court stated counsel was not only able but acting with full acquiescence and consent of his silent client when he told the court that trial by jury would be waived. We find the instant situation to be just as clear cut, especially in light of the fact that defendant's counsel twice waived the defendant's right to a trial by jury. We, therefore, find no reason to apply the decisions of either *Baker* or *Boyd* to this case.

The second issue presented for review is whether the trial court abused its discretion in failing to allow the defense counsel an opportunity to present a closing argument prior to his entering his finding of guilty.

■■ The record reflects defense counsel made no request for an opportunity to make a statement at the close of the evidence. Moreover, defense counsel said nothing when the trial court asked if there was any argument at the close of the evidence. For this reason, we find no basis for entertaining the defendant's contention that the trial court committed an abuse of discretion in failing to allow the defendant's counsel to present a closing argument.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.