THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL WILLIAMS, Defendant-Appellant.

(No. 74-284;

Fifth District—April 24, 1975.

Paul Bradley and Jan H. Stonecipher, both of State Appellate Defender's Office, of Chicago, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Michael Williams, was convicted of burglary after a jury trial in Jefferson County and sentenced to serve from 2 to 6 years. On appeal he contends that he was not proved guilty beyond a reasonable doubt; that the prosecutor made improper and prejudicial remarks in closing argument; that he was denied effective assistance of counsel and that the sentence imposed was excessive.

The testimony most damaging to defendant came from Isaiah White, Jr., defendant's 14-year-old co-participant in the crime, testifying under a grant of total immunity from prosecution. White testified that he and defendant went to Johnson's Market in Mt. Vernon early in the morning of January 18, 1974. Defendant threw a brick through a front window; then, White entered the building and removed several pounds of assorted meats. Both men returned to White's house and ate part of the meat. They returned to Johnson's Market intending to take more merchandise but were interrupted by the police. White escaped but was later arrested at his home. Defendant ran but was apprehended by the police a few minutes later. Two police officers corroborated White's testimony about the capture. The owner of the store itemized the merchandise taken and stated that meat recovered by the police from White was similar to that taken. There was no evidence presented that defendant was inside the store at any time. Defendant was indicted in the language of the statute (Ill. Rev. Stat. 1973, ch. 38, par. 19-1) and no instruction on accountability as defined in section 5-2 of the Criminal Code was tendered or given.

Defendant first contends that since he was tried as a principal and the jury was not instructed as to the law of accountability there was not sufficient evidence to find that he "entered" the building. The State's theory at trial was that defendant entered the building when he threw the brick through the window. The prosecutor six times told this to the jury in final argument. Defendant's objection to the first of these statements was overruled. Defendant specifically argued that accountability was not an issue in the case and that the throwing of the brick was not an "entry." The prosecutor's statements to the jury were in error. Defendant's use of the brick only to break the window was not an "entry."

404

(*People v. Davis*, 3 Ill.App.3d 738, 279 N.E.2d 179 (1972).) There was no evidence that defendant was inside the building or that he placed any object or part of his body in the building. Counsel should refrain from "instructing" the jury, especially on a point not contained in the court's charge to the jury.

■■■ We do not believe, however, that the prosecutor's misstatement of the law warrants reversal. Defendant was charged, tried, and convicted as a principal. The verdict form did not specify whether defendant entered the building or was guilty of burglary on the theory of accountability. There is no requirement that a defendant be charged with a crime in the language of accountability. It is always proper to charge one as a principal even though the proof is that he is an accessory who aided or abetted the commission of the crime. (*People v. Fowler*, 18 Ill.App.3d 489, 309 N.E.2d 788 (1974); *People v. Heuton*, 2 Ill.App.3d 427, 276 N.E.2d 8 (1971).) Accountability (Ill. Rev. Stat. 1973, ch. 38, par. 5—1 *et seq.*) is not an offense in itself but merely an alternative to the nature of the proof required to convict for a substantive offense. (*People v. Heuton.*) There can be no doubt that defendant was accountable for the acts of White, that he aided White in the commission of the offense, and that he reaped the benefits of the crime. This undisputed evidence establishes overwhelmingly defendant's guilt of the offense charged.

■■ Defendant next contends that he was prejudiced by the State's repeated assertions that defendant instigated and led the 14-year-old White in the commission of the offense. Defendant correctly notes that no evidence was presented to sustain the charges. The State concedes that the statements were "irrelevant." We agree. The remarks were injudicious and uncalled for. We do not believe, however, that defendant suffered any prejudice or that the statements made contributed to the verdict in light of the overwhelming evidence of guilt presented.

Defendant next contends that he was denied the effective assistance of counsel. As noted above, the State's case rested almost entirely upon the evidence of Isaiah White, defendant's co-participant. Counsel made repeated references to the immunity given White for his testimony, characterizing it as a "deal" and intimating that the prosecutor may have added to the contents of White's testimony. Yet he did not tender an instruction cautioning the jury about accomplice testimony. Defendant cites *People v. Georgev*, 38 Ill.2d 165, 230 N.E.2d 851 (1967). The supreme court stated that in certain circumstances failure to tender an accomplice instruction is evidence of incompetence of counsel. The court held, however, that in light of the strong evidence of guilt and the presence of an instruction that determination of the credibility of witnesses is left to the jury, the defendant was not prejudiced by counsel's omis-

sion. The same situation exists in the present case. Defendant also relies on this court's opinion in *People v. Butler*, 23 Ill.App.3d 108, 318 N.E.2d 680 (1974). There, however, we found seven separate instances of incompetence, many involving highly prejudicial instructions tendered on behalf of the defendant. Reversal was based on the cumulative effect of these and numerous other errors. We noted that the failure to tender an accomplice instruction was "but one more serious indication of counsel's lack of preparation or unfamiliarity with the criminal process." The record before us in the instant case reflects just the contrary. Counsel was obviously well prepared and ably tried the case for the defendant. His cross-examination was vigorous and his arguments succinct and lucid. In addition, the record leads us to believe that the failure to give the instruction may have been conscious trial strategy. Defendant's theory was that although he was present at Johnson's Market with Isaiah White on the night of the offense, he was not guilty of burglary because he committed no entry. Since defendant chose not to testify, defendant's theory as well as the State's rested entirely on White's testimony. Counsel may have decided that he stood on firmer ground by accepting White's testimony and challenging its sufficiency in law than by attacking its credibility and leaving the jury free to judge only the circumstantial evidence. That this tactic was error in retrospect does not indicate the ineffective assistance of counsel. (*People v. Martin*, 44 Ill.2d 489, 256 N.E.2d 337 (1970); *People v. Higgins*, 27 Ill.App.3d 266, 327 N.E.2d 135.) In any event, we do not believe that failure to tender an accomplice instruction so prejudiced defendant that, but for the omission, the outcome of the trial would have been different. *People v. Bliss*, 44 Ill.2d 363, 255 N.E.2d 405 (1970); *People v. Stewart*, 24 Ill.App.3d 605, 321 N.E.2d 450 (1974).

■■ Defendant finally contends that the sentence imposed was excessive. At sentencing the trial court noted that defendant had two recent felony convictions and had failed both times to comply with the terms of probation. He was on probation at the time of this offense and had failed to report to the probation officer for some time. We have recently held that a 2- to 6-year sentence was proper in a less aggravated case than the one before us. (*People v. Van Gilder*, 26 Ill.App.3d 152, 324 N.E.2d 715 (1975).) The trial court had a better opportunity to view the defendant, his record, and the evidence presented on his behalf and we will not disturb its findings.

The judgment of the Circuit Court of Jefferson County is affirmed.

Affirmed.

EBERSPACHER and G. MORAN, JJ., concur.