THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LEE KROUSE, Defendant-Appellant.

(No. 74-318;

Fifth District—May 1, 1975.

*Rehearing denied July 8, 1975.*

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon (Al Pranaitis, Law Student), for appellant.

John H. Ward, State's Attorney, of Taylorville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, James Lee Krouse, was convicted of attempt (burglary) upon his plea of guilty in Christian County and was sentenced to serve from 1 to 3 years. On appeal, he challenges the sufficiency of the complaint; alleges that the trial court failed to comply with Supreme Court Rules 402(a)(1) and 402(c) (Ill. Rev. Stat. 1973, ch. 110A, pars. 402(a)(1), (c)); and alleges that the trial court erred in not imposing a sentence of probation, conditional discharge, or periodic imprisonment.

The complaint stated:

> "That James Lee Krouse, defendant, did, on May 30, 1974, within Christian County, Illinois, unlawfully commit the offense of Attempt (Burglary), in that he did with the intent to commit the offense of Burglary in violation of * * * did perform a substantial step toward the commission of that offense in that he did knowingly plan same with one Gary Clay and did go with Gary Clay to the Lake Office Building located at Lake Taylorville and did wait while Gary Clay entered the building aforesaid, in violation of * * *."

The evidence adduced from the factual basis statement of the prosecutor and a voluntary statement given by defendant to police showed that defendant accompanied Clay to the building but remained in Clay's car outside as a lookout. There was no evidence that defendant intended to enter the building. Defendant contends that the information does not allege an intent to enter the building and, in fact, negates the existence of that intent. Thus, he could not have harbored a specific intent to commit burglary and cannot be convicted of the attempt of that offense.

Defendant concedes he could have been charged with attempt under general accountability principles. (Ill. Rev. Stat. 1973, ch. 38, par. 5—2.) There is no doubt that defendant possessed the "intent to promote or

facilitate" the commission of burglary and that his conduct was in aid of Clay's entrance into the building.

■■ Defendant overlooks, however, the rule that one who commits an offense under accountability principles can and should be charged and tried under an indictment for the substantive offense. (*People v. Heuton*, 2 Ill.App.3d 427, 276 N.E.2d 8 (1971).) This court has recently reaffirmed this principle in *People v. Williams*, 28 Ill.App.3d 402, 328 N.E.2d 682. Defendant was properly charged as a principal. The State's attorney indicated in his factual basis statement that defendant could have been charged with burglary. We believe the evidence clearly would support the charge. But, pursuant to an act of prosecutorial discretion, defendant was allowed to plead guilty to the lesser offense of attempt. Had defendant been charged with burglary, the State would have borne no burden of proof that defendant himself entered the building because defendant was legally accountable for the acts and intent of Clay. That the State permitted a plea on a lesser charge does not alter defendant's accountability.

Defendant's argument that the trial court failed to comply with Rule 402(a)(1) and (c) is founded solely on the same rationale on which the insufficiency of the complaint was argued. The court twice read to the defendant the complaint, the burglary statute and the attempt statute. Three times the court determined that defendant understood the nature of the charges. In view of our decision above that defendant was properly charged and tried as a principal, we find no error in the court's admonitions under Supreme Court Rule 402(a)(1).

■■ The State's attorney gave a clear statement of the facts underlying the complaint and defendant agreed that the prosecutor's statement was a true account of the incident. In addition the record contains a voluntary statement given by defendant to police which admits the acts charged. The court established that a factual basis existed for the crime charged under the principle we have enunciated above.

■■ Defendant finally contends that the court abused its discretion in failing to impose a sentence of probation, conditional discharge, or periodic imprisonment. The court had before it a presentence report which indicated that defendant had been adjudicated delinquent for theft and had been placed on probation. The probation was subsequently revoked and defendant was committed to a juvenile institution. He was later paroled. This offense occurred during this parole. Thus, defendant had twice failed to comply with court-imposed probation and parole. In addition, the court noted defendant's poor work record. On this record, we cannot say that the court erred in imposing the minimum prison term available for this Class 3 felony.

The judgment of the Circuit Court of Christian County is affirmed.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.