THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALBERT J. BUFFINGTON, Defendant-Appellant.

Fifth District   No. 76-228

Opinion filed August 11, 1977.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Following a jury trial in the circuit court of Montgomery County, defendant, Albert J. Buffington, was found guilty of the offense of burglary and was sentenced to a term of imprisonment of five to 15 years. He appeals.

One issue is presented for review: whether the trial court erred in refusing defendant's tendered instruction on accomplice testimony (Illinois Pattern Jury Instructions, Criminal, No. 3.17 (1968)).

On October 14, 1975, the Roller Derby Skate plant in Litchfield was burglarized. The burglary was discovered after firemen succeeded in extinguishing a fire in the plant which apparently was deliberately started. Several vending machines were found to have been pried open and emptied of their change. Defendant was initially charged with arson in connection with this occurrence as well as with burglary; however, the arson charge was dismissed for lack of probable cause after the preliminary hearing.

An important witness for the State in defendant's burglary prosecution was Bill Canter. Defendant contends that the record shows that Bill Canter was an accomplice in the burglary and that the court therefore should have given his tendered cautionary instruction concerning an accomplice's testimony (IPI Criminal No. 3.17).

Bill Canter testified that on the night in question he was in Library Park in Litchfield. The defendant came by, struck up a conversation with him and invited the witness to take a walk. It was "pretty well dark" when they reached the Roller Derby Skate plant. The defendant suggested to Canter that they should try to break in. According to Canter, he tried to talk defendant out of the idea. Defendant checked several doors located on the east and west sides of the building. They were locked. Defendant then proceeded to the north side of the building and tried a fiberglass loading dock door. This door was also locked. Defendant kicked it a couple of times and then reached into his pocket. Canter, who was about four feet from defendant, then heard a considerable amount of noise which sounded as if defendant were cutting the door. Canter told defendant to stop for a minute since his activities were too noisy and likely to bring the police.

When defendant finished cutting, it appeared as if he had his arm inside the door. Defendant said he "could not reach" and asked the witness if he could reach his hand in. Canter refused, replying that his arm probably was not long enough. Canter explained in his testimony that he did not want to do it, that he was trying to keep Jim (defendant) out of trouble. Canter subsequently heard the approach of a car and warned the defendant. The defendant hid, but Canter ran away.

Canter further testified that he saw the defendant in the park the following day and asked him if he had got the job done the previous night. The defendant said he had not and told the witness not to say any more about it.

On cross-examination, Canter testified that he had been granted immunity from prosecution in exchange for his testimony. This is

confirmed by the record. An order was entered on the day of trial granting him total immunity from prosecution as provided for in section 106—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 106—1 *et seq.*). In addition, Canter testified that an Illinois State trooper told him that he would be charged with the burglary if defendant "got out of it." Canter further stated that defendant had quite a bit of change in his pocket prior to their going to the Roller Derby Skate factory.

On redirect examination, the State's Attorney elicited answers from Canter indicating that he is a friend of defendant, that he did not really want to testify against him but that he did not have much of a choice.

Portions of the testimony of State's witnesses Edwin and Peggy McClarty were probative of the issue of defendant's guilt also. The McClartys testified that they left a tavern in order to observe the fire at the Roller Derby Skate plant. Upon their arrival, they saw defendant helping firemen get hoses off the truck and into position. Mr. McClarty, who had been drinking for about three hours at the tavern, shared a bottle of wine with defendant as they watched the fire. The McClartys subsequently agreed to go drinking with defendant. Although there is some discrepancy between the accounts of Mr. and Mrs. McClarty as to when the following occurred, they both testified that at some point during the drinking excursion defendant recovered a considerable amount of change from a particular spot near a tree at a place known locally as either "Hobo Junction" or the "Jungle." This money was used to purchase wine and beer. Defendant told them that he had won the money gambling at the junction. Later in the evening, while the three were riding around drinking, joking and talking, Mr. McClarty asked defendant how the fire at the plant got started. Defendant responded that he had started it. Mrs. McClarty, who felt she was less intoxicated than her husband, confirmed that defendant made this statement, but testified that she believed he was merely joking since he made it sound as if it were a big joke and laughed after giving the answer.

The refused jury instruction (IPI Criminal No. 3.17) reads as follows:
> "An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

This instruction is properly given if a witness is an accomplice and testified on behalf of the State implicating the defendant. (*People v. Howard*, 130 Ill. App. 2d 496, 263 N.E.2d 633; *People v. Riggs*, 48 Ill. App. 3d 702, 363 N.E.2d 137.) The reason for this instruction was noted by this court in *People v. Riggs*:

"In such a situation, the purpose of an admonishment of caution is apparent. Due to the relationship of the witness and the State, there may be a strong motivation to testify falsely for the accomplice who seeks, hopes or expects lenient treatment by the State in return for favorable testimony. [Citation.] Thus a witness, knowing that his own guilt is detected, may seek to shield himself from punishment by purchasing immunity or leniency by falsely accusing others and procuring their conviction." 48 Ill. App. 2d 702, 705; see *People v. O'Neal,* 44 Ill. App. 3d 133, 358 N.E.2d 47.

In the present case this unique relationship between the State and witness Bill Canter appears to have existed. As we have already noted, Bill Canter was granted immunity from prosecution for any offense shown in whole or in part by his testimony in exchange for his testimony against defendant. The witness himself stated that he felt he did not have much choice but to testify. Nevertheless, the question which must be answered in order to determine if the instruction should have been given is: was Bill Canter an accomplice? We believe he was.

■■ In Illinois, the generally accepted test as to whether a witness is an accomplice is whether he himself could have been indicted for the offense either as principal or accessory. (*People v. Hrdlicka,* 344 Ill. 211, 221-222, 176 N.E. 308; *People v. Coddington* (5th Dist. 1970), 123 Ill. App. 2d 351, 259 N.E.2d 382.) If a witness is not an accomplice under this test, it is not error to refuse to give a tendered instruction relative to the testimony of an accomplice. (*People v. Nowak,* 45 Ill. 2d 158, 258 N.E.2d 313.) Faced with these principles, our supreme court has identified the question to be whether there is probable cause to believe that the witness, in this case Bill Canter, was guilty either as a principal or on the theory of accountability. (*People v. Robinson,* 59 Ill. 2d 184, 191, 319 N.E.2d 772, 776.) In view of the accepted test of an accomplice, we believe that the use of the word "guilty" by the court was not intended to imply a meaning other than that the witness be indictable with respect to the offense.

At all times relevant to this appeal, the accountability provision of our Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c)), provided in pertinent part that a person could be liable for the acts of another if:

"(c) Either before or during the commission of an offense, and with an intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c).

It is well settled that a person who commits an offense under accountability principles can be charged and tried under an indictment for the substantive offense (*People v. Krouse,* 30 Ill. App. 3d 446, 333 N.E.2d 17) since accountability is not an offense in itself but merely an

alternative to the nature of proof required to convict for a substantive offense (*People v. Williams*, 28 Ill. App. 3d 402, 328 N.E.2d 682 (burglary)). Accordingly, if it appears that Canter's conduct satisfied the requirements of the accountability statute, the court should have given the accomplice testimony instruction.

■■ Canter's testimony reveals that he stayed with defendant for some time after defendant suggested that they break into the Roller Derby Skate plant. Canter apparently followed the defendant around the building as he checked the doors. He subsequently cautioned defendant as to the dangerous noise level of his activities and further acted in the nature of a look-out when he warned the defendant of a car's approach. These last two actions, especially the warning, objectively aided the defendant in the commission of the burglary. Accordingly, they made Canter an accomplice for purposes of instructing the jury since he could have been charged with the burglary under accountability principles for his aid to the defendant. See *People v. Rogers*, 32 Ill. App. 3d 788, 336 N.E.2d 784 (defendant found guilty of burglary for similar aid).

■■ We are not unmindful of the fact that Canter testified he was motivated by a desire to keep defendant out of trouble rather than that he was aiding defendant with the intent to facilitate the commission of the burglary. What effect such assertion should have upon the determination of whether an accomplice testimony instruction is proper does not appear to have been decided by any Illinois court because such disclaimer of intent is usually absent when a witness has testified under a grant of immunity. We believe, however, that this assertion did not require the court to find that he was not an accomplice witness. If the witness were on trial for this charge under an accountability theory and denied the intent to promote or facilitate the burglary, the trier of fact would not be bound by such testimony. (*People v. Rollins*, 119 Ill. App. 2d 116, 255 N.E.2d 471.) Similarly, the court below was not precluded from finding that the witness' actions made him chargeable with this burglary because of his professed altruistic motivation. Moreover, the purpose behind the accomplice testimony instruction would be emasculated if the instruction could be avoided by a witness' mere assertion of a noncriminal intent. On the facts of this case, we find that the court erred in refusing the instruction and that this cause should be remanded for a new trial. This is certainly not a case where the evidence of guilt other than that supplied by the accomplice witness' testimony is so overwhelming that the failure to give the instruction can be said not to be reversible error.

Reversed and remanded for a new trial.

CARTER, P. J., and EBERSPACHER, J., concur.