THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL W. KINGEN, Defendant-Appellee.

Third District   No. 3—84—0557

Opinion filed December 16, 1985.

James R. May, State's Attorney, of Princeton (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Matthew A. Maloney, Public Defender, and Pierson, Maloney & Rayfield, both of Princeton (Ann Burkey, of Southern Illinois University School of Law, of counsel), for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

An indictment was filed in the circuit court of Bureau County on May 8, 1984, charging the defendant with the offense of involuntary manslaughter.

The indictment alleged that:

"Sometime between December 26, 1982 and January 9, 1983, in Bureau County, Illinois, Michael W. Kingen, defendant, committed the offense of: Involuntary Manslaughter (Class 3 Felony) in that the said defendant, acting in a reckless manner failed to perform an act which would likely have prevented death or great bodily harm to some individual, in that he failed to remove Jessica Kingen, his daughter, a 13 month old child, from an environment which was dangerous to her health, in that he knew that his wife, Pamela Kingen, was periodically and unlawfully striking and shaking their daughter, Jessica Kingen, and the defendant failed to take reasonable measures to prevent any future shaking and striking by Pamela Kingen, thereby causing the death of Jessica Kingen, in violation of section 9–3(a) Chapter 38, Illinois Revised Statutes."

The defendant, on June 5, 1984, filed a motion to dismiss the charge pursuant to section 114–1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114–1). In that motion, the defendant argued, among other things:

"(3) That the offense for which the defendant is presently charged fails to state a violation of the law within the scope and meaning of Chapter 38, Sec. 114–(a) Ill. Rev. Stat. (1981)."

By order, dated August 20, 1984, the trial court held that the indictment did not state a criminal offense against the defendant. In an explanatory letter sent to counsel for both the State and the defendant, the trial court stated that its ruling was based on the authority of *People v. Mikel* (1979), 73 Ill. App. 3d 16, 391 N.E.2d 558. In *Mikel*, the letter pointed out the court held that a person cannot be charged with involuntary manslaughter on an accountability theory under section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 5—2). We note that in *Mikel* the court held that under subsection (c) of section 5—2 "intent that the result of the offense occur is a necessary element to establish accountability and *** a mere reckless mental state cannot give rise to accountability for an offense, even though the mental state for that offense is also recklessness." 73 Ill. App. 3d 16, 20, 391 N.E.2d 558, 561.

It is from the order of dismissal that the State appeals, contending that the indictment did sufficiently allege the crime of involuntary manslaughter. In the alternative, notwithstanding *People v. Mikel* (1979), 73 Ill. App. 3d 16, 391 N.E.2d 558, the State argues that involuntary manslaughter can be based on an accountability theory.

■ We consider only the question of whether the indictment sufficiently alleged involuntary manslaughter. We first point out that the merits of a case were not meant to be decided within the vacuum of a motion to dismiss. (*People v. Rose* (1976), 44 Ill. App. 3d 333, 357 N.E.2d 1342.) When the sufficiency of an indictment is attacked in a pretrial motion, the court must determine whether the indictment complies with the statutory requirements that the charge be in writing, state the name of the offense, cite the statutory provisions alleged to be violated and set forth the elements of the offense. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285.) Section 5—2(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 5—2(c)) deals only with the nature of the proof required for a separate conviction of one who is legally accountable for the conduct of another and had nothing to do with the form of the indictment. *People v. Heuton* (1971), 2 Ill. App. 3d 427, 276 N.E.2d 8.

In *People v. Mikel* (1979), 73 Ill. App. 3d 16, 391 N.E.2d 558, the defendant was indicted, tried and convicted for murder. On appeal he argued that he was entitled to have an instruction given on involuntary manslaughter based on accountability for reckless conduct of the principal actor. Although the court held that such an instruction was not appropriate, it did so after a full trial.

■ The State points out that under section 2—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 2—2), " 'Act' includes

a failure *** to take action." The defendant here was charged with a reckless failure to act and with the consequences of his failure to act: the death of Jessica Kingen. The State calls our attention to *People v. Eveland* (1980), 81 Ill. App. 3d 97, 400 N.E.2d 1078, and *People v. Watson* (1982), 103 Ill. App. 3d 992, 431 N.E.2d 1350, for the proposition that a person who recklessly places a child in a situation which that person knows to be dangerous may commit involuntary manslaughter. In *Eveland*, the court held that a mother who placed her child outside her car on a public road at night, committed a reckless act. She could be found guilty of involuntary manslaughter when the child was subsequently killed. In *Watson*, the court held that a defendant may commit involuntary manslaughter by failing to adequately supervise a child who suffered an injury leading to the child's death. In *Watson*, the defendant's motion to dismiss counts III and IV was denied and he claimed error on appeal. The court said,

> "Both counts charge the offense in the language of the statute. They are sufficiently specific to have enabled the defendant to prepare his defense and to protect him from double jeopardy. They state the date and place of the offense and fully identify the defendant and the victim. They set out the cause of death and the act which led to the death. Thus, the specificity of these counts renders them sufficient. *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244." (103 Ill. App. 3d 992, 998, 431 N.E.2d 1350, 1355.)

We hold that the indictment here is sufficient to charge involuntary manslaughter and that the circuit court of Bureau County erred in granting the motion to dismiss. We reverse and remand this cause to the trial court and direct that the indictment be reinstated.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.