THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLARD LESLEY, Defendant-Appellant.

Third District   No. 3—85—0781

Opinion filed June 11, 1986.

Robert Agostinelli and Nancy Rink Carter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Willard Lesley, appeals from a conviction of aggravated battery. We affirm.

On January 31, 1985, defendant boarded the bus home from Joliet West High School. The bus driver, Darlene Marasco, instructed defendant to put out his cigarette. Defendant complied, but called Marasco names and threatened her. Following some other incidents on the way home, Marasco drove back to Joliet West and put defendant off the bus. More foul language was used and other threats were made.

The next day, Marasco dropped off the remainder of her students at Juniper and Fairmont streets. As the last of the students disembarked, she heard a crashing noise that sounded like breaking glass. Marasco was hit on the head and neck by rocks thrown into the bus. She managed to drive away from the intersection before passing out.

While the testimony of the students who were present during the stoning is hopelessly contradictory, it was established beyond a reasonable doubt that defendant was one of the principals of the group throwing rocks and that he personally threw one or more rocks at the bus. The strong circumstantial evidence also established beyond a reasonable doubt that defendant and his cohorts were lying in wait for Marasco.

Defendant was charged with two counts of aggravated battery. Count I alleged that defendant knowingly caused great bodily harm to Marasco by throwing a rock that struck her in the head. Count II charged defendant with knowingly committing a battery on or about a public way. Count III was for the Class A misdemeanor of damaging property of the State.

Defendant was convicted of all three counts. The State nolprossed count II. He was sentenced to concurrent terms of two years and nine months' imprisonment on counts I and III respectively.

Defendant's sole argument on appeal is that the State did not prove beyond a reasonable doubt that he knowingly caused great bodily harm to Marasco. Boiled down to its essentials, defendant urges that the evidence only showed that he knowingly threw rocks at a bus. To sustain the instant charge of aggravated battery, it must be shown that defendant knowingly caused the result of great bodily harm.

Section 4—5(b) of the Criminal Code of 1961 states:

"A person *** acts knowingly *** of [t]he result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct." Ill. Rev. Stat. 1985, ch. 38, par. 4—5(b).

As it commonly happens in this kind of case, the State was forced to prove defendant's mental state by circumstantial evidence. We have no difficulty in finding that the defendant acted knowingly or that it was practically certain that great bodily harm would result to the driver from the forceful throwing of rocks at an occupied bus. Additionally, there is the element of accountability. Under section 5—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 5—1), defendant can be held to have the mental state of any other person for whose conduct he is legally accountable. Section 5—2(d) of the Code makes a person legally accountable for the conduct of another when "during the commission of an offense, and with the intent to *** facilitate such commission, he *** aids, abets *** or attempts to aid *** in the *** commission of the offense." Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).

It is an unshakable inference from the evidence that the group whom defendant was aiding and abetting knowingly caused Marasco great bodily harm. The fusillade of stones and their accuracy in reaching the target is proof enough that the members of the stoning mob possessed the requisite mental state. It is obvious that this attack was planned and premeditated and that the stones had been gathered for this use. We reach the conclusion of concerted action from the uncontradicted evidence. The stones were hurled by multiple persons over a very brief span which was obviously planned and scheduled. The throwing did not occur until the passengers were off the bus. It matters not that these other persons have not been prosecuted for their actions (Ill. Rev. Stat. 1985, ch. 38, par. 5—3), or that defendant was charged as a principal (*People v. Touhy* (1964), 31 Ill. 2d 236, 201 N.E.2d 425).

Accordingly, we affirm the judgment of the circuit court of Will County.

Affirmed.

BARRY and STOUDER, JJ., concur.